Estate of Robert Steen, deceased.   Appeal of the City
of Philadelphia.

*Taxation—Tax lien—Discharge of lien—Private sale under Price act—
Acts of April 22, 1846, P. L. 491, March 23, 1867, P. L. 43, and May 22,
1895, P. L. 111.*

Under the different statutes relating to taxation and tax liens the remedy
of a municipality for the collection of its taxes assessed prior to the act
of May 22, 1895, is confined to the land against which they are assessed.

Under section 2 of the act of March 23, 1867, which declares that private
sales under the Price act " shall discharge the premises sold from the lien
of the debts of the decedent, except debts of record and debts secured by
mortgage," municipal taxes assessed prior to the date of the sale for the
year in which the sale is made are not discharged by the sale.

Argued May 31, 1896.   Appeal, No. 103, Jan. T., 1896, by
the city of Philadelphia, from decree of O. C. Phila. Co., dis-
missing exceptions to adjudication.   Before GREEN, McCOL-
LUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Exceptions to adjudication.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in overruling exceptions to adjudication.

*Joseph T. Taylor*, assistant city solicitor, *John L. Kinsey*, city
solicitor with him, for appellant.—If it can be shown that a
private sale under the Price act is a judicial sale, then the lien
of the taxes is discharged and becomes a claim on the fund:
Williamson v. Berry, 8 Howard, 547 ; 12 Am. & Eng. Ency. of
Law, 214; Freeman on Void Judicial Sales, sec. 32.

The Supreme Court of Pennsylvania has said that "sales by
order of the orphans' court are judicial sales : " Dixey's Exr. v.
Lanning, 49 Pa. 146 ; Girard Life Ins. Co. v. Bank, 57 Pa. 394.

As soon as taxes are assessed, there arises, in addition to the
lien on the real estate, an individual responsibility on the owner
of the property for their payment: Reed's Est., 4 Phila. 375;
Act of April 22, 1846, sec. 23, P. L. 491.

*William S. Divine*, *Samuel B. Huey* with him, for appellees.

—It would seem idle to discuss the question as to whether or not a private sale is a judicial sale within the meaning of the act, when by the very terms of the act of March 23, 1867, debts of record were expressly excepted from discharge by such sale: Girard Life Ins. Co. v. Bank, 57 Pa. 394.

Taxes and suits upon claims for taxes are in their nature purely proceedings in rem and in the absence of explicit statutory provisions there is no personal liability. The only personal liability, therefore, upon claims for taxes must arise out of explicit statutory provisions: Act of April 22, 1846, sec. 110, P. L. 491.

OPINION BY MR. JUSTICE DEAN, May 4, 1896:

Robert Steen died in 1866 the owner of considerable real estate in the city of Philadelphia. He left a will by which he devised a large part of it to his executors in trust during the life of his widow. She died in 1870, and the trust, so far as concerned her, was at an end. Among the real estate devised to the executors was a large lot of ground on Spring Garden street, yielding but a small net income, and the executors thought it to the best interests of the estate to sell it; and they did, May 5, 1893, sell it at private sale to Samuel H. Hicks for the consideration of $71,000 cash. The private sale being, in the judgment of the executors, for the advantage of all interests, and their power under the will to sell a part of the premises not being clear they petitioned the orphans' court, under the 14th section of the Price act, to approve of and ratify the sale as made. That court, after full investigation of the facts, approved and ratified it, and directed a conveyance to the purchaser. The executors then filed their seventh account, and among other items charged themselves with the purchase money of this lot. At the audit for distribution of the balance, the city preferred a claim of $1,003.05 for taxes on this particular property assessed for the year 1893, on the 5th of May of which year it was sold. The orphans' court, being of opinion the taxes were not discharged by the sale, but continued a lien upon the property in the possession of the purchaser, disallowed the claim, and we have this appeal by the city.

The several acts of assembly on the subject of the right and remedy for the collection of municipal taxes, it may be conceded,

do not leave the question here raised altogether free from doubt. Under the act of May 22, 1895, the question whether a sale is a judicial sale is important, because, by the express terms of the sixth section of that act, the lien of all taxes on real estate is divested by a judicial sale and transferred to the purchase money. But this sale took place in 1893, and under the legislation then in force it does not seem to us important whether we term this a judicial or nonjudicial sale. The first section of the act of February 3, 1824, relating to Philadelphia, declares that all taxes assessed on real estate shall be a lien upon said real estate, and shall have priority over all other liens of record, and shall so continue by virtue of the mere assessment for one year from the 1st day of July following the assessment. This act makes the assessed taxes for the year of the sale and to the 1st of July of the following year a lien of record to all intents and purposes, and it was in substance so decided in Parker's Appeal, 8 W. & S. 449, where it was said it was not a secret lien, but one made by public officers for a public purpose, of which any one might inform himself by inquiry at the proper office. By the Price act, the sale may be either public or private; if public, it declares, " by every such public sale, the premises sold shall be discharged of all liens," but as to private sales the act is silent, except so far as the extensive power given to the court authorizes it to decree a sale of the land discharged from all incumbrances. Here the petition and decree of the court are also silent in this particular.

We then have a private sale, with the amount of these taxes a debt of record at the date of sale, for they were assessed before it. Next comes the act of March 23, 1867, the second section of which declares that private sales under the Price act " shall discharge the premises sold from the lien of the debts of the decedent, except debts of record, and debts secured by mortgage;" thus, expressly saving from discharge by a private sale this debt, which was of record.

The appellant further relies on the act of April 22, 1846, which provides that, in the case of one leaving an estate subject to taxation, it may be taxed in name of the decedent or his representatives or heirs and the taxes may be collected from the " person or persons in possession thereof in the same manner as is now provided by law." This act plainly contemplates a

proceeding in rem against the land with notice to the persons in possession; these may be personal representatives or heirs. It does not undertake to declare that these taxes assessed twenty-five years after his death are a personal debt of the decedent, but provides a remedy against the land for the taxes assessed on them, and that they may in the way pointed out in the act be collected with notice to the person in possession.

Therefore, under these different statutes, we are of opinion the remedy of the city for collection of its taxes is confined to the land against which they are assessed. They were assessed for the year 1893; the sale was made May 5, 1893; the purchaser was allowed a deduction for the estate's proportion up to that date; equitably, he should pay the proportion for the fraction of the year he was the owner and in possession. As the city has its lien for the whole amount, and the owner has already, by abatement in the purchase money, received one third, it is but just that he should discharge the lien by payment.

The decree of the orphans' court is affirmed.