In re HARVEY.

(District Court, E. D. Pennsylvania. May 29, 1903.)

No. 13.

1. BANKRUPTCY—SECURED CREDITOR.

Bankr. Act, § 1, cl. 23, Act July 1, 1898, 30 Stat. 544, 545, c. 541 [U. S. Comp. St. 1901, p. 3419], defines the words "secured creditor" to include a creditor having as security property assignable under the act, or owning debts for which others secondarily liable have such security on the bankrupt's estate; and section 57, cl. "h" [U. S. Comp. St. 1901, p. 3443], provides that the value of such securities shall be determined by converting them into money pursuant to the agreement under which they were delivered to the creditors. Held, that these provisions clearly indicate that though in the city of Philadelphia a municipal tax is, generally speaking, a lien on the land assessed until a judicial sale produces a fund large enough to discharge the tax in full, the city is not, with reference to such taxes, a secured creditor, within the meaning of the bankruptcy act.

2. SAME—NECESSITY TO PROVE CLAIMS FOR TAXES.

As the city of Philadelphia has a lien for municipal taxes only on the property assessed, it has no right to share in the general assets of a bankrupt delinquent taxpayer, and need not prove its claim in order to preserve its lien.

3. SAME—TAXES—PRIORITY OF PAYMENT.

Where real property belonging to a bankrupt's estate in Philadelphia is sold by authority of the court, and produces a fund larger than the liens for municipal taxes on such property, these taxes must be paid

before any dividends are allowed in favor of the general creditors, this being expressly required by the laws of the state, and by section 64, cl. "a," Bankr. Act, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447].

M. Hampton Todd, for trustee.

John L. Kinsey and Clifford S. Beale, for city of Philadelphia.

J. B. McPHERSON, District Judge. In the city of Philadelphia a municipal tax on real estate becomes a prior lien upon the land from the time of assessment, and the lien continues, speaking generally, until a judicial sale produces a fund large enough to discharge the obligation in full: Parker's Appeal, 8 Watts & S. 449; Dungan's Appeal, 88 Pa. 414; Smith v. Simpson, 60 Pa. 168. The remedy of the city is confined to the land against which the tax is assessed: Steen's Estate, 175 Pa. 299, 34 Atl. 732. But, while in a sense this makes the city a secured creditor of the bankrupt, it does not have a security which it can be obliged to surrender. The mere reading of the definition of "secured creditor" in section 1, cl. 23, Bankr. Act, Act July 1, 1898, 30 Stat. 544, 545, c. 541 [U. S. Comp. St. 1901, p. 3419], "Secured creditor shall include a creditor who has security for his debt upon property of the bankrupt of a nature to be assignable under this act, or who owns such a debt for which some endorser, surety, or other person secondarily liable for the bankrupt has such security upon the bankrupt's assets"—is enough to show that a lien for taxes is not the security thus defined. But, if any doubt should remain upon this point, it would be removed by clause "h" of section 57 [U. S. Comp. St. 1901, p. 3443], which provides how securities are to be valued:

"The value of securities held by secured creditors shall be determined by converting the same into money according to the terms of the agreement pursuant to which such securities were delivered to such creditors, or by such creditors and the trustee, by agreement, arbitration, compromise, or litigation, as the court may direct, and the amount of such value shall be credited upon such claims, and a dividend shall be paid only on the unpaid balance."

These provisions are evidently inapplicable to the lien now under consideration. Moreover, as the city has no right to share with general creditors, but is confined to the particular property against which the tax lien has been paid, there is no reason for requiring the claim to be proved. The lien is a matter of record, and all persons interested in the sale or purchase of the land must take notice of its existence. An adjudication in bankruptcy does not affect such a lien, nor impose upon the city the duty of proving its claim as an ordinary creditor must do.

In the case under consideration the trustee sold at public sale certain real estate of the bankrupt, upon which the city held several liens for municipal taxes. The sale was without previous authority from the court, but it was duly confirmed, and the confirmation was equivalent to a prior order. I do not doubt that this was a judicial sale (17 Am. & Eng. Ency. Law, 954, 955), and, as the fund produced thereby was larger than the city's claim, it seems to me to be clear that the taxes must be paid out of this fund. By the state law, they are entitled

to priority of payment, and section 64, cl. a, Bankr. Act, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], also directs in plain terms that they shall be paid in advance of the payment of dividends to creditors. In my opinion, the petition of the trustee for leave to pay these taxes should have been allowed, and accordingly the prayer of his petition is now granted.