93　117
153　324

## Mathews *versus* City of Philadelphia.

1. By the Consolidation Act of 1854, the distinct corporate existence of the Board of Guardians of the Poor was taken away from that body, and it was made a department of the city.

2. Said board is subject to the provisions of the Act of April 21st 1858, and cannot make a contract which will bind the city, unless an appropriation sufficient to pay the same has previously been made by city councils.

3. Parker *v.* City, 11 Norris 401, followed.

February 9th 1880. Before MERCUR, GORDON, PAXSON, TRUN-KEY and STERRETT, JJ. SHARSWOOD, C. J., and GREEN, J., absent.

Error to the Court of Common Pleas, No. 2, of *Philadelphia county :* Of January Term 1878, No. 165.

Case stated wherein W. M. Mathews was plaintiff and the city of Philadelphia defendant.

The case as stated was as follows : The appropriation made to the Board of Guardians of the Poor for the year 1877 became exhausted, as to the items to which the subject-matter of this case stated refers.

In the judgment of said board it became necessary to provide for the maintenance of paupers (who had been rightfully admitted to the almshouse) for the balance of the year, and they awarded contracts to the lowest responsible bidders, after advertising therefor, for the supplies needed in their judgment to attain said result.

Under the said contracts, goods were received at the almshouse, and the said plaintiff is the assignee of the debts arising from said contracts of sale. The councils of said city adjourned on the 25th day of June, and did not again assemble until the 2d day of October 1877. It is agreed that "An act for the consolidation and amendment of the laws as far as they respect the poor of the city of Philadelphia, the district of Southwark and the township of the Northern Liberties," passed March 29th 1803, 4 Sm. Laws 51, and all other acts, public and private, shall be considered as though here inserted, more especially the Act of April 21st 1858, which provides that no debt or contract hereafter incurred or made shall be binding upon the city of Philadelphia unless authorized by law or ordinance, and an appropriation sufficient to pay the same be previously made by councils.

If the court shall be of opinion that the debts contracted by said Board of Guardians of the Poor, for the necessary maintenance of the poor, are binding on the defendant, although no appropriation at the date of said contracts existed, then judgment for the plaintiff, the damages to be assessed by the prothonotary, otherwise for defendant.

The court entered judgment for defendant, when the plaintiff took this writ and alleged that this action of the court was error.

[Mathews *v.* City of Philadelphia.]

*Joseph A. Bonham* and *David W. Sellers*, for plaintiff in error. —The Act of March 20th 1803, 4 Sm. Laws 51, creates a body politic and corporate in the law by the name of "The Guardians of the Poor of the City of Philadelphia, the District of Southwark and Township of the Northern Liberties."

The Act of April 1st 1805, 4 Sm. Laws 247, a supplement to the Act of 1803, provides, "That all money levied, assessed, and collected for the use of the poor of the city * * * shall be under the control and superintendence of the Board of Guardians." * * *

Before the Act of February 2d 1854, Pamph. L. 45, commonly called the Consolidation Act, a system had been established in the county of Philadelphia which conferred on the guardians of the poor the primary power to provide for the maintenance of the poor in the almshouse. This power was exercisable upon their own discretion. Although in the city and districts, as the same existed before 1854, there were boards of commissioners and of councils with powers to assess and levy taxes and appropriate moneys, yet the expense incurred in the maintenance of the poor was paramount to the discretion of such city and districts. It is believed that it has not been changed by any subsequent legislation.

It is contended that under the foregoing acts the debts incurred which are the subject of the present suit have been lawfully contracted, and that there is a primary liability which can be enforced against the city: Williamsport *v.* Richter, 31 P. F. Smith 508.

Does the 5th section of "A further supplement to the Act incorporating the City of Philadelphia," approved April 21st 1858, Pamph. L. 386, change this? It is suggested that the true interpretation of this statute is that a debt incurred for purposes municipal in its nature, and by officers subject as such to municipal regulation and control are alone meant. The support of the poor is not a municipal duty. It has never been imposed upon them. The duty is imposed by the Commonwealth, and the expense thereof, though a debt, may be collected adversely: Smith *v.* City, 5 Phila. 1; City *v.* Dyer, 5 Wright 468; Smedley *v.* Irwin, 1 P. F. Smith 448; City *v.* Field, 8 Id. 320; Tatham's Appeal, 30 Id. 470, are cited to show that notwithstanding the words of the Act of 1858, there are debts, which, by operation of law, are not covered by it.

*C. E. Morgan, Jr.*, Assistant City Solicitor, and *Wm. Nelson West*, City Solicitor, for defendant in error.—We submit that the board of guardians of the poor is a department of the city of Philadelphia, and as such is clearly subject to the provisions of the Act of Assembly of April 21st 1858: Bladen *v.* City, 10 P. F. Smith 464; City *v.* Flanigen, 11 Wright 21; City *v.* Johnson, Id. 278; Perkins *v.* Slack, 5 Norris 278, and Parker *v.* City, 11 Id. 401, which latter distinctly rules this case.

[Mathews *v.* City of Philadelphia.]

Prior to the Consolidation Act, approved February 2d 1854, the board of guardians of the poor was a distinct and independent corporation, and as such in its own corporate name and title held property, and was entitled to bring suit, and was the subject of litigation. The said Act of Assembly transferred to the city all the property of every description of said corporation, and made it a department of the municipality.

The judgment of the Supreme Court was entered, February 16th 1880,

PER CURIAM.—It is true the Act of 20th March 1803, created "The Guardians of the Poor of the City of Philadelphia, the District of Southwark, and Township of the Northern Liberties," a body politic and corporate. It is also true that a supplement thereto passed 1st April 1805, declared that all money, levied, assessed and collected for the use of the poor of the city should be under the control and superintendence of the board of guardians. The Consolidation Act of 1854, did not substantially lessen the power of the guardians of the poor in that respect, but it did take from that body its distinct corporate existence, and made it a department of the city. The Act of 21st April 1858, expressly declares "that no debt or contract thereafter incurred shall be binding upon the city of Philadelphia, unless authorized by law or ordinance, and an appropriation sufficient to pay the same be previously made by councils." The judgment of the court below is fully sustained by this act, and numerous decisions : City of Philadelphia *v.* Flanigen, 11 Wright 21 ; Same *v.* Johnson, Id. 382 ; Bladen *v.* Philadelphia, 10 P. F. Smith 464 ; Parker *v.* Same, 11 Norris 401.

Judgment affirmed.