## Silsby Mfg. Co., Appellant, *v.* Allentown.

[Marked to be reported.]

*Municipal contracts—Unauthorized act—Adoption of debt.*

Councils of a municipality may adopt an unauthorized act done for the benefit of the city by one of the municipal officers, and assume the debt so contracted.

The fire committee of the councils of a city directed the chief engineer of the fire department to purchase flues necessary for a fire engine. The flues were purchased and when councils next met they made provision for payment of the debt by placing in the contingent fund a sum sufficient for

the purpose. The controller refused to issue a warrant authorizing the payment of the money, on the ground that the debt had not been previously authorized by councils. *Held,* that councils had the right to adopt the act of their committee, and that the warrant should have been issued.

*Advertising contracts—Purchase of patented article.*

Where an article needed by a municipality is made by one company only, and under the protection of letters patent, it is not necessary to advertise for proposals.

*Ordinance limiting power of agents to contract.*

An ordinance providing that a fire committee or engineer should not incur a liability, exceeding a certain sum, for repairs between meetings of councils, is intended to limit the authority of the agents. It does not affect the power of the principal or prevent councils from adopting the act of the agent in excess of the sum named.

Argued Feb. 1, 1893. Appeal, No. 244, Jan. T., 1893, by plaintiff, from judgment of C. P. Lehigh Co., June T., 1892, No. 70, on verdict for defendant. Before Paxson, C. J., Green, Williams, Mitchell and Dean, JJ.

Assumpsit for price of flues furnished for fire engine.

The facts appear by the opinion of the Supreme Court.

Ordinance No. 87, § 11, was as follows:

" Sec. 11. Should any repairs to the fire apparatus be absolutely necessary between meetings of councils, the fire committee is hereby empowered to have said repairs made, said repairs to be superintended by the chief engineer, or some one appointed by him; but the cost of such repairs must not exceed $100; should the fire committee exceed that amount or should the chief engineer or fire committee create any expense without the proper authority, they shall be individually held responsible for the amount of said excess or expense."

Plaintiff's points were, among others, as follows:

Request for binding instructions. Refused. [1]

" 3. If councils could previously authorize the fire committee to contract for the purchase of the flues sued for, they may bind the city by subsequently ratifying what they could previously authorize." Refused. [2]

" 4. If the jury believe that the flues sued for were needed to repair the steam fire engine belonging to the city; that they could not be procured in the market, as the plaintiff is the exclusive owner of the patent and the manufacturer of such flues; that the engine was made by the plaintiff, and only such flues

as were ordered for the repairs could be used in repairing it; that they were ordered by the chief of the fire department at the instance of the fire committee; that they were received by the city and have been used by it in the steamer, which is city property, ever since they were attached to the steamer; that councils subsequently appropriated a sum of money with which to pay the claim of the plaintiff; and that there is now an unexpended balance to the credit of the fire committee in the treasury appropriated to pay this claim. If these facts are found by the jury the plaintiff is entitled to recover." Refused. [3]

The court charged as follows:

[" The court is of the opinion that the plaintiff cannot recover, because the contract upon which they claim, amounting to $287.10, was not preceded by proposals nor by an appropriation for the materials in question.] [4] As the amount exceeds a hundred dollars the matter claimed for is not within article 4, § 6, of the municipal act of 1889, and § 11 of the fire department ordinance, made pursuant to said section. The plaintiff's points are answered in the negative and the jury is instructed to find a verdict for the defendant, to which instruction and the answers to the points, the plaintiff, before verdict, excepts, and for the defendant a bill is sealed."

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–4) instructions, quoting them.

*Edward Harvey*, for appellant.—A municipal corporation may ratify the unauthorized acts and contracts of its agents or officers which are within the corporate powers, but not otherwise: 1 Dillon, Mun. Corp. 460, § 463.

A municipal corporation may be bound upon an implied contract, within the scope of the corporate powers, made by its agents and to be deduced from corporate acts, without the vote of the governing body, unless the contract be one which the charter or the law governing the corporation requires should be made in a particular manner: Bank v. Patterson, 7 Cranch 299; Argenti v. San Francisco, 16 Cal. 255; Burrill v. Boston, 2 Clifford, C. C. 590.

A corporation is liable upon a quantum meruit when it has enjoyed the benefit of work performed or goods purchased,

where no statute forbids or limits its powers to make a contract therefor : Kramrath v. Albany, 127 N. Y. 575 ; Albany City National Bank v. Albany, 92 N. Y. 363.

The requirement of the act that no municipal department shall create any debt or make any contract except in pursuance of previous authority of law or ordinance applies only to the several departments of the city government ; it has no application to councils : City v. Flanigen, 47 Pa. 21 ; City v. Johnson, 47 Pa. 382 ; Parker v. City, 92 Pa. 401 ; Mathew v. City, 93 Pa. 147.

*John Rupp*, city solicitor, for appellee.—One of the fundamental principles underlying the act of May 23, 1889, is that no money shall be drawn from the city treasury under any pretext whatever, unless the expenditure has been previously authorized by city councils, and a specific appropriation made for the payment of the same, and then only upon advertising for bids and letting the contract to the lowest bidder, and upon specific contracts being entered into in writing and a certificate by the city controller that an appropriation for the payment of the debt thus to be incurred has been made, before the contract shall take effect.

The court has uniformily decided that no department of the city of Philadelphia can make a debt or contract binding the city unless an appropriation to pay the same has previously been made by councils and the expenditure has been authorized by previous authority : Parker v. Phila., 92 Pa. 401 ; Mathews v. Phila., 93 Pa. 147 ; Bladen v. Phila., 60 Pa. 464 ; Phila. v. Flanigen, 47 Pa. 21 ; Phila. v. Johnson, 47 Pa. 382.

OPINION BY MR. JUSTICE WILLIAMS, February 27, 1893 :

This action was brought to recover the price of a set of flues for use in a Silsby fire engine owned by the city of Allentown. The chief engineer of the fire department of that city discovered that the flues in the Silsby engine known in the department as " Good Will Steam Fire Engine, No. 3," were worn out, and that the engine was for this reason useless, and must remain so until new flues were obtained and put in place. He reported this fact to the fire committee of the city councils and was directed to order new flues from the plaintiff at once, as they could be obtained in no other manner. He did so.

The flues were promptly supplied, were placed in the engine by local mechanics, and have been in use ever since. When councils next met they were informed of the action of their fire committee and being satisfied with that action they made provision for the payment of the debt incurred for the flues and the labor by placing in the contingent fund a sum sufficient for that purpose. The controller however refused to issue the warrant authorizing the actual payment of the money, and this action became necessary in order to determine the liability of the city. The position of the controller appears to be that the city is not liable, because, first, the councils had not previously authorized its committee to contract the debt, or made an appropriation for its payment; next, the committee had not advertised for proposals and awarded the contract to supply the flues to the lowest bidder; and, finally, that, as the debt was for repairs and exceeded one hundred dollars in amount, it was contracted in violation of section 11, of ordinance No. 87, and the city was not liable for it.

If the city was resisting the payment of this debt and repudiating the action of the fire committee, there might be much force in these objections. The fact is however that councils have adopted the acts of the committee and provided the fund necessary to pay the debts incurred by it. We have no doubt of their power to do this, or to refuse to do it, as may seem just to them under the circumstances of the particular case, and their action binds the city. In this case an emergency arose between the sittings of council. The security of the city required prompt action. The fire department acted without delay, and in the interest of the municipality and all its property holders. When councils met they very properly ratified and adopted the unauthorized action of the committee and prepared to pay the debts incurred. This action authorized the issue of the proper warrant by the controller and it was a mistake to withhold it.

The second objection is one upon which the city could not properly insist upon in this case. The object of requiring the city to advertise for proposals to supply the materials and labor needed by it is to secure competition and enable the city to purchase its supplies at the lowest market price. But the article needed in this instance was part of a peculiarly constructed

engine built by the Silsby Manufacturing Company under the protection of letters patent owned by it. The flues were made only by the plaintiff. They could be bought nowhere else. Competition under such circumstances was impossible. *Ratio cessante cessit lex.* The law does not insist on what is impossible, or absolutely useless. Advertising for proposals in this case would have been worse than useless, since it could have resulted in nothing but dangerous delay and an idle expenditure of money.

. The third objection is disposed of by what has been said about the first and second. The ordinance was a rule laid down by the city to limit the authority of its agents. It cannot affect the power of the principal and it was not intended to do so. Councils might insist on the application of the ordinance, but to do so would seem both impolitic and unjust on the circumstances of this case. They have chosen to adopt the act of the agent and pay the debt, and we regard their right to do so as very clear. This case is not ruled by Bladen v. The City of Philadelphia, 60 Pa. 464, nor by Mathews v. The City of Philadelphia, 93 Pa. 147, but turns on the power of councils to adopt an act done for the benefit of the city by an unauthorized agent and assume the debt so contracted.

The judgment is reversed and a venire facias de novo awarded.