# Deer *v.* Sheraden Borough, Appellant.

*Road law—Change of grade—Damages—Action of trespass—Appointment of viewers—Borough—Ordinance.*

An action of trespass will not lie against a borough to recover damages for injuries to an abutting property owner caused by changing the grade of a public street where there is no actual taking of property. In such a case the statutory remedy of an assessment of damages by a jury of view must be pursued.

Under an ordinance of a borough providing for the paving and curbing of a street, there is an implied authority to do everything necessary and usual in curbing and paving, including such changes in the grade as are necessary or essential to the paving.

The act of the officers or agents of a borough in changing the grade of a street without an ordinance authorizing it in the first instance, may be ratified by the borough subsequently.

Argued Jan. 16, 1908. Appeal, No. 131, Oct. T., 1907, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. Term, 1903, No. 577, on verdict for plaintiff in case of Essie V. Deer et al., by their mother and next friend, Bertha A. Deer, and Bertha A. Deer in her own right, heirs at law of Daniel A. Deer, deceased, v. Sheraden Borough. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for injuries to real estate caused by the change of grade in a public street. Before KENNEDY, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,600. Defendant appealed.

*Error assigned* amongst others was in refusing binding instructions for defendant.

*N. R. Criss,* for appellant.—A statutory remedy is given for such an injury as is complained of in this case by the Act of May 24, 1878, P. L. 129, as amended by the Act of June 24, 1895, P. L. 248, and also by the Act of May 16, 1891, P. L. 75. The statutory remedies are exclusive : Beltzhoover Borough v.

Gollings, 101 Pa. 293 ; White v. McKeesport Borough, 101 Pa. 394 ; McKee v. Pittsburg, 7 Pa. Superior Ct. 397 ; McKnight v. Pittsburg, 91 Pa. 273 ; Shiloh Street, 165 Pa. 386 ; Schenley v. Com., 36 Pa. 29.

*Joseph Howley*, with him *W. A. Hudson*, for appellee.—It requires no argument to show that the borough of Sheraden could not grade the street in front of appellee's property except by ordinance duly enacted : Gilmore v. Borough of Connellsville, 15 Weekly Notes of Cases, 342 ; Brink v. Dunmore Borough, 174 Pa. 395.

Where a borough takes private property in an irregular manner and not precisely according to law, and does work upon it which is within the general scope of the authority of the borough, it is liable in an action of trespass for the injury committed : Reap v. City of Scranton, 7 Pa. Superior Ct. 32 ; Nyhart v. Taylor Borough, 6 Lacka. Jurist, 310 ; Brink v. Dunmore Borough, 174 Pa. 395 ; Reap v. Scranton, 7 Pa. Superior Ct. 32.

OPINION BY MR. JUSTICE ELKIN, March 2, 1908 :

The question in this case is whether an action of trespass will lie to recover damages for injuries to an abutting property owner caused by changing the grade of a public street. There was no actual taking of property and the only complaint is that the cutting down of the street in front of the properties abutting thereon caused a depreciation in the value thereof, and the contention is made that an action of trespass will lie to recover damages for such an injury. On the other hand, it is contended for appellant that the sole remedy in this and other like cases is by petition for appointment of viewers under the provisions of the act of 1878, or supplementary legislation relating thereto, to ascertain and assess the damages, if any. Prior to the constitution of 1874 where no property was actually taken it was held an action of trespass could not be maintained against a municipality, whether a city or borough, for consequential damage done to property abutting on a public street by reason of a change of grade, because no statutory remedy provided compensation to the owner for such an injury, which was held to be damnum absque injuria : O'Connor v.

Pittsburg, 18 Pa. 187.   The framers of the new constitution
having in mind no doubt the hardship and injustice of the old
rule, set about to protect the rights of property holders and to
make just compensation for property not only actually taken,
but also for injuries done property in the making or grading
of public improvements.   It is ordained in article XVI, sec-
tion 8, that " Municipal and other corporations and individuals
invested with the privilege of taking private property for pub-
lic use, shall make just compensation for property taken, in-
jured or destroyed by the construction or enlargement of their
works, highways or improvements, which compensation shall
be paid or secured before such taking, injury or destruction."
For the purpose of carrying into effect this provision of the
constitution the Act of May 24, 1878, P. L. 129, relating to
boroughs, was enacted.   This act provides in substance that in
all cases where the proper authorities of any borough shall
change the grade or lines of any street or alley, or in any way
alter or enlarge the same, thereby causing damage to the owner
or owners of property abutting thereon, the court of common
pleas of the proper county on application by petition, either
by the burgess and council of such borough or the owner of
the property for which damage is claimed, or anyone on be-
half of either, shall appoint five disinterested citizens of the
county as viewers whose duty it shall be to view the street or
alley and premises affected by the change of grade or enlarge-
ment thereof, and after due consideration, having a regard for
the advantages that may result, shall estimate and determine
whether any, and if any, how much damage such property
owner has sustained, or seems likely to sustain by reason
thereof, and make report to the next term of said court.   How
far the act of 1878 has been modified or repealed by the Act
of May 16, 1891, P. L. 75, has not been discussed or considered
in the presentation of the case at bar, nor do we consider this
question material in the determination of the issue involved
here.   In this connection, it may be observed, it has been de-
cided by this court that the act of 1891 did not repeal in toto
the act of 1878 which provides a remedy for the individual cit-
izen in the single case of changing or altering grades, whereas
the act of 1891 provides comprehensively for proceedings in-
tended to be instituted by municipalities in all cases of laying

out, opening, widening and extending streets, alleys and lanes, and for the building of bridges, piers, abutments, sewers and other works, and for ascertaining in one proceeding all the damages suffered by all abutting owners affected thereby. It has also been held that if the individual citizen desired to proceed on his own account and for the ascertainment of damages to his own property alone, he will proceed under the act of 1878, which is especially adapted to his case: Seaman v. Borough of Washington, 172 Pa. 467; Bowers v. Braddock Borough, 172 Pa. 596. In the present case appellees have not proceeded under either statute, but have brought an action of trespass to recover damages for the alleged injuries, which action cannot be sustained under the authority of our cases for injuries resulting from a change of grade. There was no actual taking of property, and, therefore, the decisions relied on by the learned counsel for appellees which hold that an action of trespass will lie against a municipality for the illegal taking of, or physical injury to, the property of an abutting owner, have no application. The only injury complained of in the present case is that which incidentally results to an abutting property owner by reason of the change of grade, and in such a case the statutory method which provides for compensation and the assessment of damages must be pursued. This is the rule of all the cases: Beltzhoover Borough v. Gollings, 101 Pa. 293; White v. Borough of McKeesport, 101 Pa. 394; Robinson v. Norwood Borough, 215 Pa. 375; McKee v. Pittsburg, 7 Pa. Superior Ct. 397.

It is further argued that there was no ordinance authorizing the grading of the street, and that the attempt to grade without the authority of an ordinance is in the nature of a tort, and that an action of trespass will lie to recover for any damages sustained. This position is unsound for two reasons: first, because the statutory remedy hereinbefore discussed must be followed; and, second, there was an ordinance in the present case to pave and curb the street under which there is an implied authority to do everything necessary or usual in curbing and paving, including such changes in the grade as are necessary or essential to the paving: Dillon on Municipal Corporations, sec. 797; Schenley v. Com., 36 Pa. 29; Lewis v. Borough of Homestead, 194 Pa. 199. Again, even if the change of grade

should be held to have been made without an ordinance authorizing it in the first instance, the act of the officers or agents of the borough in so doing may be ratified by the borough subsequently: Dillon on Municipal Corporations, sec. 463; Silsby Manufacturing Co. v. Allentown, 153 Pa. 319; In re Shiloh Street, 165 Pa. 386.

We conclude, therefore, that appellees have mistaken their remedy; that an action of trespass does not lie under the facts of the present case and that the statutory remedy for the assessment of damages should have been followed.

Judgment reversed and is here entered for defendant.