# Miller *v.* Philadelphia, Appellant.

*Municipalities—Contracts—Appropriation by councils—Legal expenses—Act of April 21, 1858, P. L. 385.*

1. Under the Act of April 28, 1858, P. L. 385, no contract is legally binding upon the city of Philadelphia unless there has been "an appropriation sufficient to pay the same previously made by councils."

2. Where councils pass an ordinance appropriating $5,000 to pay counsel for legal services rendered, in a particular suit mentioned, and, by another item, appropriating $10,000 "for expenses connected with the investigation" of transactions connected with the suit and similar matters, a special counsel, after receiving the sum of $5,000 for serv-

ices rendered in the suit before the ordinance was passed, cannot claim any of the $10,000 mentioned in the second item, although he has earned additional compensation over and above the sum of $5,000, and is morally entitled to receive it.

Argued Jan. 6, 1911. Appeal, No. 189, Jan. T., 1910, by defendant from judgment of C. P. No. 5, Phila. Co., March T., 1909, No. 668, on verdict for plaintiff in case of E. Spencer Miller v. Philadelphia. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Assumpsit for counsel fee. Before STAAKE, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $5,830. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*Robert Brannan,* assistant city solicitor, with him *Frederick Beyer,* assistant city solicitor, and *James Alcorn,* city solicitor, for appellant, cited: Windrim v. Phila., 9 Phila. 550; Matthews v. Phila., 93 Pa. 147; Bladen v. Phila., 60 Pa. 464; Perrot v. Phila., 83 Pa. 479; Phila. v. Johnson, 47 Pa. 382; Gamble v. Phila., 14 Phila. 223; Spofford v. Phila., 18 Phila. 267.

*Frank P. Prichard,* for appellee.

OPINION BY MR. JUSTICE BROWN, April 10, 1911:

The appellee rendered valuable professional services to the city of Philadelphia as assistant counsel associated with the city solicitor in litigation resulting from the investigation of certain contracts with D. J. McNichol for municipal improvements, and that he ought to be paid the very reasonable compensation for which he asks is not to be doubted; but that is not the question before us on this appeal. What we are to decide is whether, under

the admitted facts, he was entitled to the judgment which he recovered in the court below.

The appellee was employed as assistant counsel for the city of Philadelphia in pursuance of an ordinance authorizing the mayor to employ him, and he represented the city in the litigation referred to from the fall of 1906 until the spring of 1907. During that period he received no compensation for his services. On March 14, 1907, the city councils passed a resolution authorizing the city solicitor to enter into an agreement with D. J. McNichol et al. for the submission of all matters in controversy between them, including certain equity proceedings begun by the city, to Hon. Samuel Gustine Thompson as referee. Acting upon this resolution the city solicitor and the appellee signed an agreement of reference to Judge Thompson, the appellee having been asked by the mayor and the city solicitor to continue his connection with the litigation. The proceedings before Judge Thompson as referee began about March 29, 1907, and the appellee represented the city at all of the meetings before him, until the controversy was finally disposed of. On March 29, 1907, an ordinance of city councils was approved, appropriating $5,000 to the mayor to pay counsel for the legal services rendered in the filtration suit and the further sum of $10,000 for expenses connected with the investigation and litigation of filtration and boulevard accounts and contracts. It clearly appears from the preambles in the ordinance that the appropriation of $5,000 for legal expenses was intended for the appellee, and that sum was paid to him. The services for which he claims compensation were rendered subsequently, and, the $5,000 item of the appropriation having been exhausted, he bases his action upon the second item, which appropriated $10,000 "for expenses connected with the investigation and litigation of filtration and boulevard accounts and contracts." The single question on this appeal is, Did that appropriation include his services subsequently rendered to the city?

By sec. 30 of the Act of May 13, 1856, P. L. 567, it is

made the duty of city councils "in all cases, when making appropriations, to state the items of expenditure under separate and distinct heads for which such appropriations are intended;" and, by sec. 3, art. VII, of the Act of June 1, 1885, P. L. 37, the controller of the city is required to "keep separate accounts for each specific item or appropriation made by councils to each department, and require all warrants to state specifically against which of said items the warrant is drawn." Section 4 of the same article provides that "he shall not suffer any appropriation to be overdrawn or the appropriation for one item of expenses to be drawn upon for any other purpose." Following the mandatory language of the act of 1856, the city councils, by the ordinance of March 29, 1907, stated the items of expenditure under separate and distinct heads for which each appropriation was intended. One item, for $5,000, was "to pay counsel for the legal services rendered in the filtration suit;" the other, for $10,000, was "for expenses connected with the investigation and litigation of filtration and boulevard accounts and contracts." The title of the ordinance is, "An ordinance to make an appropriation to the mayor for legal and other expenses relating to filtration suit." Two distinct purposes are set forth in this title, the first, an appropriation for legal expenses, and the item of $5,000 in the ordinance is "to pay counsel for the legal services rendered in the filtration suit;" the second purpose, according to the title of the ordinance, is for "other expenses." This manifestly means expenses other than for legal services of counsel, for such services had been provided for in the clause immediately preceding. This second item of appropriation of $10,000 carried out the second purpose of the act as expressed in the title. It is clear that no other interpretation can be given to the ordinance of March 29th than that there were two distinct appropriations for two distinct purposes. The appropriation of $5,000 for legal services has been received by the appellee, and, as there was no appropriation to pay him any further sum

for the legal services which he rendered before Judge THOMPSON, he has no legally recoverable claim against the city, for, by the fifth section of the Act of April 21, 1858, P. L. 385, the legislature has declared "that no debt or contract hereafter incurred or made shall be binding upon the city of Philadelphia unless authorized by law or ordinance, and an appropriation sufficient to pay the same be previously made by councils." This section was called by a very learned judge "the palladium of Philadelphia taxpayers;" and another member of the court of common pleas of Philadelphia county, who subsequently became chief justice of this court, said of the act of 1858, in Windrim v. City of Philadelphia et al., 9 Phila., 550: "This act of assembly is notice to the plaintiff, and all the world, that there is but one method by which a contract can be made binding upon the city. It is a flat bar to any recovery by the plaintiff in an action at law." The one method by which a contract can be made binding upon the city of Philadelphia is "an appropriation to pay the same previously made by councils:" Bladen v. Philadelphia, 60 Pa. 464; Perrot v. City of Philadelphia, 83 Pa., 479; Matthews v. City of Philadelphia, 93 Pa. 147. The statutory condition precedent to the plaintiff's right to recover does not exist, and the law cannot, therefore, help him in making his morally meritorious claim. Defendant's point for binding instructions should have been affirmed.

Judgment reversed.