## Yingling, Appellant, *v.* Dunlap.

*Municipalities—Municipal contracts—Failure to advertise—Liability of city official.*

Where a municipality has by ordinance authorized a contract to be made and appropriated a fund for payments under it, thus complying with the Act of April 2, 1858, P. L. 385, a city official who enters orally, and without previous advertisement for bids, into a contract thus authorized, cannot be held personally liable by the contractor, unless he specifically engages in writing to make himself liable on the contract. In such a case the contractor must be presumed to know as much as the city's agent of the legal requirements of an enforceable contract.

Argued Oct. 4, 1917. Appeal, No. 330, Oct. T., 1916, by plaintiff, from order of C. P. No. 4, Philadelphia Co., Sept. T., 1911, No. 2705, refusing to take off nonsuit in case of Charles Yingling and Charles H. Yingling, trading as C. Yingling & Son, v. Fred C. Dunlap. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover an amount for which the defendant was alleged to be personally liable on an unauthorized city contract. Before FINLETTER, J.

From the record it appeared that the defendant entered into an oral contract without prior advertisement for bids with the plaintiffs to furnish a grate for the Shawmont Pumping Station. The evidence showed that an appropriation had been made by city councils for the purchase of boilers and parts for the station in question in 1911. The defendants assumed no personal liability in writing under the contract.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Joseph Hill Brinton,* for appellants.—Defendant was personally liable: Ross v. Philadelphia, 115 Pa. 222; Philadelphia v. Flanigen, 47 Pa. 21; Marple v. Cooke, 65 Pa. Superior Ct. 220.

*James Alcorn,* for appellee.—The statute is in derogation of the common law rule that persons dealing with an official cannot be deceived by him as to his authority because that is fixed by law presumably known to all persons: Heidelberg School Dist. v. Horst, 62 Pa. 301; Cook v. Irwin, 5 S. & R. 492.

OPINION BY KEPHART, J., Dec. 13, 1917:

This is an action to recover from the defendant the cost of supplies furnished to the Shawmont Pumping Station, a part of the property of the City of Philadelphia. We said in Marple v. Cooke, 65 Pa. Superior Ct. 220-224: "The general rule is well settled, and constantly enforced, that one who makes a contract with a municipality is bound to take notice of the limitations on its powers to contract, and also of the power of the particular officer or agency to make the contract on its behalf: McQuillan on Municipal Corporations, Vol. III, Sec. 1166. Persons dealing with a municipality, through its agent, must know the extent of the agent's authority, and unless the

agent specifically engages to become liable on the contract, he cannot as a general rule be charged with responsibility": Cook v. Irwin, 5 Sergeant & Rawle 491-497. This rule as to contracts made in behalf of the City of Philadelphia has been considerably modified by the Act of April 21, 1858, P. L. 385, and it is under this act that the appellants seek to affix the defendant with liability. The evidence shows that the contract had been authorized and an appropriation sufficient to pay the same had been made by council. The contract was not made after an advertisement calling for bids, nor was it in writing, and it is the appellants' contention that these conditions bring it within the spirit of the Act of 1858. The act was intended to make it impossible to create an obligation against the city without prior legislative authority and a fund set apart to meet the obligation to be incurred under such authority. If any person attempted to contract in behalf of the city in violation of the act, such person was held personally liable. This provision, in so far as it applied to the subjects dealt with, changed the rule of the common law as stated above, and being opposed to that rule, the act should be strictly construed. When the requirement of the act had been met, the common law again applied to the city's agent. He could not be held personally responsible unless he specifically engaged to become liable in the same manner as one who promised to pay the debt of another. After the city had complied with the Act of 1858 by granting authority and providing a fund, if any step necessary to make a contract with the municipality has been omitted, the officer or agency taking part therein would not be personally liable on such contract. The vendor must be presumed to know as much as the city's agent of the legal requirements of an enforceable contract. The supplies furnished were of a patented article and under Silsby Mfg. Co. v. Allentown, 153 Pa. 319, advertising for bids was not necessary: In Marple v. Cooke, supra, there was com-

plete lack of authority from council and no appropriation by it to meet the expense there incurred.

The judgment is affirmed.