Hughes et ux. *v.* Elizabeth Borough, Appellant.

Argued September 29, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Joseph L. Best,* of *Seif, Evashwick & Best,* for appellant.

*George W. West,* for appellees.

OPINION BY MR. CHIEF JUSTICE SCHAFFER. November 24, 1941:

The County of Allegheny, apparently without any authority from the Borough of Elizabeth, resurfaced part of Third Street in the borough, by applying an asphalt top coating, from four to six inches deep to the brick paving already there. The effect of this was to raise the grade of the street in front of appellees' prop-

erty, with the result, when heavy rains occurred, that their property was flooded and damaged. Not only did the constituted authorities of the borough voice no objection to the improvement, but supplemented the work by providing a drain along the roadside.

Plaintiffs brought this action of trespass against the borough to recover damages alleged to have been sustained by them, and, in the trial court, were nonsuited, on the ground that they had mistaken their remedy, which should have been in a proceeding before viewers. On appeal to the Superior Court, the court of first instance was reversed and the action as brought was reinstated. The municipality's appeal from this conclusion brings before us the question: What is plaintiffs' legal remedy?

The Superior Court's decision is based upon the fact that no ordinance had been enacted or other action taken by the borough authorizing the work. Its opinion states: "As the borough took no official action to resurface the street, and provide for the payment of damages to abutting property owners for any injury they sustained, there existed no facts upon which to base an application for the appointment of viewers." But the borough did not repudiate the act of changing the grade, on the contrary, it accepted the improvement. This being so, the situation was the same as though the customary preliminary legal steps had been taken. If they had been, plaintiffs' remedy would have been before viewers, and so we think it should be under the existing circumstances.

In *Deer v. Sheraden Borough*, 220 Pa. 307, 69 A. 814, where an action of trespass had been instituted to recover damages for a change of grade, and where there was no ordinance authorizing it, we said (p. 310) : "even if the change of grade should be held to have been made without an ordinance authorizing it in the first instance, the act of the officers or agents of the borough in so doing may be ratified by the borough subsequently." For the

principle that the remedy generally is before viewers, see *Kunkle v. Ford City Boro.,* 305 Pa. 416, 158 A. 159; *Robinson v. Norwood,* 215 Pa. 375, 64 A. 539. Being of opinion that plaintiffs' remedy is before viewers, it follows that the decision of the trial court was correct.

The order of the Superior Court is reversed and that of the court of common pleas is reinstated.