## Dames v. The Borough of Pottstown

*C. Edmund Wells*, for plaintiff.

*John Henry*, for defendant.

DITTER, J., June 15, 1967.—This case comes before the court on preliminary objections to an amended petition for the appointment of a jury of view.

Petitioners allege that a portion of the property they own in the Borough of Pottstown has been used for some years by the public as an alley. Despite the fact that the borough has never by ordinance made this alley a part of its street system, in 1961, and at other times, it has paved the alley and changed its grade. Petitioners allege that as a result of the work done by the borough, water drains onto their property, causing them damage. It is for the redress of this injury that they seek the appointment of viewers.

The borough has filed preliminary objections in the nature of a demurrer. The borough contends that since the alley was never ordained, its paving and resurfacing was a trespass and that if there is liability, petitioners must sue in trespass.

We disagree. In the first place, even if the borough acted without authority, its later acts may be considered as a ratification of that which had been done: Deer v. Sheraden Borough, 220 Pa. 307, 310-11 (1908). Secondly, the appointment of viewers has been held to be the proper procedure where a property owner is injured by surface waters which result from an unauthorized change of grade: Hughes v. Elizabeth Borough, 343 Pa. 175, 177 (1941). Finally, as set forth in section 303 of the Eminent Domain Code, the Act of June 22, 1964, P.L. 84, 26 PS §1-101 etc., is intended to provide a complete and exclusive procedure when property is damaged for public purposes. See also Bleman v. City of Philadelphia, 39 D. & C. 2d 446, 448-52 (1966).

In view of our decision as to the borough's preliminary objections, there is no reason for us to pass upon petitioners' preliminary objections to defendant's preliminary objections.

And now, June 15, 1967, the preliminary objections to the amended petition for a jury of view are hereby dismissed and refused.