## Jacobs v. Nether Providence Township

*William G. Adamson,* for plaintiffs.

*John W. Wellman,* for defendant.

BLOOM, J., June 2, 1972.—Plaintiffs, G. William Jacobs and Lillian E. Jacobs, his wife, own a certain residential property in the Township of Nether Providence, Delaware County, Pa. On March 5, 1971, plaintiffs filed a petition for the appointment of a jury of view, alleging the following facts in support thereof: That in 1967-68 the Township of Nether Providence *approved* and in one instance *designed* certain plans for three drainage systems which were to service a residential development, nursing home and a new high school facility. Each of the drainage systems required extensive regrading of property contiguous to plaintiffs' premises, of which fact the township had knowledge.

Since 1969, after rough regrading of the aforesaid projects had been completed, plaintiffs' property has been flooded with water, mud and debris from the said projects as a result. The worst flooding stems from the high school and nursing home projects for which the township designed and approved the drainage plans. Therefore, plaintiffs seek consequential damages from the township.

Defendant township thereafter filed preliminary objections in the nature of a demurrer to plaintiffs' petition after the jury of view had been appointed. This opinion is written in disposition of defendant's demurrer.

In testing the legal sufficiency of a challenged pleading, a demurrer admits as true every well-pleaded material and relevant fact averred, and every inference fairly deducible from the facts pleaded: Kutsenkow v. Kutsenkow, 414 Pa. 610 (1964); Mistick v. Commack, 397 Pa. 296 (1959); Commonwealth v. Toro Development Co., 2 Pa. Comm. Ct. 429 (1971).

It is not disputed by defendant that "whenever the lawful rights of an individual to the possession, use or enjoyment of his land are in any degree abridged or destroyed by reason of the exercise of the power of eminent domain, his property is, pro tanto, taken and he is entitled to compensation": Miller v. Beaver Falls, 368 Pa. 189.

The Eminent Domain Code of June 22, 1964, P. L. 84, art. V, sec. 502 (e), as amended, 26 PS §1-502(e), enables a property owner to petition for a jury of view if there has been a compensable injury suffered. Compensable injury is there defined as an interference with private property deemed a taking, injury or destruction, whether by eminent domain proceedings or otherwise.

Defendant in this case contends that it did nothing more than approve drainage plans. However, the petitioners allege, and upon demurrer we take as true, that the township designed and approved a drainage system which involved extensive regrading which has resulted in damage to plaintiffs' property. This court is of the opinion that there is ample authority to permit plaintiff to proceed in the instant case.

In Hughes v. Elizabeth Borough, 343 Pa. 175, a county, without any authority from defendant borough, resurfaced part of a street in the borough, the effect of which was to raise the grade of the street in front of plaintiff's property, with the result, when heavy rains occurred, their property was flooded and damaged. The borough authorities raised no objection to the improvement. Our Supreme Court held that the borough was liable for the damage caused, stating, "the situation was the same as though the customary legal steps had been taken," and specifically held that the proper remedy was a jury of view and not an action in trespass. See also Deer v. Sheraden Borough, 220 Pa. 307.

In the case of Kunkle v. Ford City Borough, 316 Pa. 571, it was held that a municipality would be liable for damage resulting from a municipal improvement which obstructs the flow of water if the water is diverted from its natural channel or the collection of the water is interfered with.

Petitioners contend that they have a right to their day in court. The facts before us indicate that plaintiffs have a right to be heard. A jury of view has the initial responsibility of making findings of fact to support or dismiss plaintiffs' claim: Eminent Domain Code, sec. 511, 26 PS §1-511. A judicial review can be subsequently made, and the majority of this court would accord plaintiffs an opportunity to proceed.

## ORDER

And now, to wit, June 2, 1972, after consideration of argument and briefs submitted by respective counsel before this court en banc, it is hereby ordered and decreed that:

1. The preliminary objections filed by defendant are dismissed.

2. The decree of this court dated March 5, 1971, appointing a jury of view is affirmed.

3. The jury of view in accordance with section 511 of the Eminent Domain Code is hereby directed to make findings of fact respecting plaintiffs' claim that a taking was effected by the Township of Nether Providence.