Condemnation of the Land and Property of G. William and Lillian E. Jacobs, Etc.

G. William Jacobs and Lillian E. Jacobs, Appellants.

Argued October 6, 1980, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*Leonard J. Tripodi, Tripodi & Toal,* for appellants.

*John W. Wellman, Petriken, Wellman, Damico and Carney,* for appellee.

OPINION BY JUDGE PALLADINO, December 5, 1980:

This is an appeal from an order of the Court of Common Pleas of Delaware County dismissing for failure to state a cause of action under the Eminent Domain Code (Code)[1] appellants' petition for the

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-101 et seq.

appointment of a jury of view for an alleged de facto taking by appellee Nether Providence Township (Township).[2] We affirm.

Since 1969 appellants' property has been subject to serious and excessive drainage problems attributable to a change in the natural topography of the locality caused by the erection of a high school facility, a retirement home, and several single residential homes, all being "upstream" from appellants' property. The Township issued building permits for all of the structures. Drainage for the residential subdivision and for the retirement home was not examined by the Township since the local regulations did not require that Township approval be given. However, because the Pennsylvania Department of Education required a municipal engineer's approval regarding drainage for the proposed high school, a Township engineer passed upon and approved such plans and also suggested an expansion of the retention pond.

The question on appeal is identical to that addressed by the court below: whether the complained of acts of the Township are sufficient to demonstrate an actionable exercise of the Township's power of eminent domain.

---

[2] After an action in equity was dismissed upon preliminary objections, the instant petition for the appointment of viewers was filed in 1971. Preliminary objections in the nature of a demurrer were filed by the Township and were dismissed by the court of common pleas. Upon appeal to this Court, the case was remanded to the lower court for further proceedings. We held that the court of common pleas "should have finally passed upon the sufficiency of the petition in stating a cause of action upon the legal theory pleaded, or alternatively, allowed an amendment or taken evidence by deposition or otherwise so that it might make such a judicial determination." *Jacobs v. Nether Providence Township*, 6 Pa. Commonwealth Ct. 594, 599, 297 A.2d 550, 553 (1972).

In order for a condemnee to prove that a de facto taking has occurred, he must show exceptional circumstances which have substantially deprived him of the use and enjoyment of his property. *Department of Transportation v. Lawton,* 50 Pa. Commonwealth Ct. 144, 412 A.2d 214 (1980). A condemnee must show that an entity, clothed with the power of eminent domain, exercised that power and that the damages sustained by the condemnee were the immediate, necessary and unavoidable consequence of that exercise. *Harborcreek Township v. Ring,* 48 Pa. Commonwealth Ct. 542, 410 A.2d 917 (1980).

Appellants submit that an actionable exercise of the Township's power of eminent domain has been stated and draw upon *Hughes v. Elizabeth Borough,* 343 Pa. 175, 22 A.2d 726 (1941), where our Supreme Court held that a municipality may be liable for a compensable injury where it tacitly approves the regrading and resurfacing of a road and/or supplements the improvements, resulting in the flooding of a plaintiff's property. Appellants also rely upon *Greger v. Canton Township,* 41 Pa. Commonwealth Ct. 20, 399 A.2d 138 (1979). In that case, flooding of the plaintiffs' property which was found to constitute a de facto taking, was caused by the Township permitting the installation of septic tanks on properties too small to accommodate them, improperly maintaining streets bordering upon and bisecting plaintiffs' tract, and opening ditches to channel sewage effluent from adjoining streets and properties onto the plaintiffs' land. We affirmed the lower court's ruling that the flooding of the plaintiffs' land and buildings was the direct and necessary consequence of Canton Township's drainage plan.

However, neither *Hughes, supra* nor *Greger, supra* is controlling here. Appellants' reliance on *Hughes*

emphasizes that for over 39 years the case has not been overruled nor distinguished. We note that the import of *Hughes* has been codified in Section 612 of the Code, 26 P.S. §1-612.[3]

We must focus on the nature of the Township's acts. As the court of common pleas pointed out, the heart of appellants' case is that the Township unlawfully issued the building permits, improperly approved the subdivision, and wrongfully contributed to the design of the drainage plans. The acts complained of cannot be considered the equivalent of a purposeful and deliberate drainage plan as we were concerned with in *Greger*. They were in no manner related or incidental to the Township's condemnation powers. Appellants are charging the Township with negligence in the performance of these actions. "No recovery may be obtained through eminent domain proceedings where the injuries resulted from a trespass and no *de facto* taking may result from negligent acts committed by the agents of the condemning body." *Lutzko v. Mikris, Inc.*, 48 Pa. Commonwealth Ct. 75, 79, 410 A.2d 370, 372 (1979). (Emphasis in original; footnote omitted.) Further, we must agree with the lower court's conclusion that the Township's actions were not the kind of direct and immediate cause of the appellants' losses as are necessary to sustain an action for a de facto taking.[4]

---

[3] Section 612 of the Code, 26 P.S. §1-612, provides:

All condemnors, including the Commonwealth of Pennsylvania, shall be liable for damages to property abutting the area of an improvement resulting from change of grade of a road or highway, permanent interference with access thereto, or injury to surface support, whether or not any property is taken.

[4] In its opinion the Court of Common Pleas of Delaware County indicated that appellants' cause of action may lie in trespass. The lower court stated that appellants' action for the alleged

Accordingly, we will enter the following

ORDER

AND Now, December 5, 1980, the order of the Court of Common Pleas of Delaware County, docketed to Civil Action—Law No. 2316 of 1971, dated March 23, 1977, dismissing the complaint for failure to state a cause of action in eminent domain, is affirmed.

_____

negligence of the Township agents and of "the parties who actually caused thtis flooding . . . appears legally well-founded."