John E. Einhaus, Jr. and Karen C.H.    :
Einhaus, Lisa C. Perkins and Donna L.   :
Bennett,                                :
           Appellants          :
                                      :
           v.                    : No. 642 C.D. 2015
                                      : Argued: December 7, 2015
Fawn Township                     :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                               **FILED: June 9, 2016**

       John E. Einhaus, Jr., Karen C.H. Einhaus, Lisa C. Perkins, and Donna L. Bennet (Appellants) appeal from the April 15, 2015 order of the Court of Common Pleas of York County (Trial Court) denying Appellants' motion for post-trial relief and affirming the July 31, 2014 order issued following trial that denied Appellants' request for injunctive relief and damages against Fawn Township (Township) for trespassing on Appellants' land. Concluding that the Township's actions were not a trespass, we affirm the order of the Trial Court.

       The issue before this Court arose from a dispute between Appellants and the Township over what is known as "Salt Lake Road." Pursuant to an Order of the Court of Quarter Sessions of York County, Pennsylvania No. 15 January Sessions 1854, and confirmed September 2, 1854, a road was laid out along the northern edge of the Mason Dixon Line, travelling eastward. (Stipulation ¶1,

Reproduced Record (R.R.) at 77a.) When the road was laid out by the Court of Quarter Sessions, Alice Payne and George Matthews were the owners of land adjacent to the Mason Dixon Line on the northern side; the two petitioned and were awarded damages for the portions of their properties taken to establish the road. (*Id*. ¶¶2-4, R.R. at 77a.) On January 14, 1974, Rouse R. Bailey and Iris Bailey received approval of a subdivision of parcels previously part of the Payne tract and these parcels are now owned by Appellants. (*Id*. ¶¶3-9, R.R. at 77a-78a.) The subdivision plan established a 25 foot right of way for the road previously laid out by the Court of Quarter Sessions known as "Salt Lake Road." (*Id*. ¶¶5, 9, R.R. at 77a-78a.) In February 2012, a survey was performed by C.S. Davidson depicting "Salt Lake Road" as falling within the 25 foot right of way in places, but also extending beyond the 25 foot right of way at various points along Appellants' property lines. (*Id*. ¶10, R.R. at 78a.) The Township and Appellants do not agree to how wide "Salt Lake Road" is, was or should be. (*Id*.)

On July 14, 2011, Appellants filed a complaint in equity alleging that the Township had trespassed upon their properties. A non-jury trial was held on May 20, 2014. On July 31, 2014, the Trial Court issued the following order:

> AND NOW, this 31st day of July, 2014, after a trial before the undersigned on May 20, 2014, it is hereby ORDERED and DIRECTED that judgment is entered in favor of the Defendant, and that Plaintiffs' request for injunctive relief and damages is DENIED. Pursuant to Pa. R.C.P. 1038(b), we find as follows:
>
> > 1. Defendant Fawn Township has a thirty-three foot (33') right-of-way pursuant to 53 P.S. § 67307 in what is known as "Salt Lake Road", the cartway that borders Plaintiffs' properties.
> >
> > 2. The center line of the cartway is that which is depicted on the C.S. Davidson survey.

2

3. Defendant Fawn Township has installed and maintained a cartway capable of facilitating motor vehicle traffic within the boundaries of the right-of-way, without trespassing onto Plaintiffs' properties.

4. Plaintiff John Einhaus, Jr. engaged in an unwarranted and dangerous act of self-help by placing an iron rebar pipe within the right-of-way. The Plaintiffs are directed not to engage in such acts of self-help in the future.

The prothonotary shall provide notice of this Order as required by law.

Appellants filed a timely motion for post-trial relief and oral argument was held on November 12, 2014. On February 10, 2015, the Trial Court issued an order denying post-trial relief on the grounds that it lacked jurisdiction. Appellants' appealed the Trial Court's denial of their motion for post-trial relief. This Court vacated the Trial Court's February 10, 2015 order and remanded this matter for disposition of Appellants' post-trial motions.[1]

On April 15, 2015, President Judge Stephen P. Linebaugh, who did not preside over the trial or issue the original order in this matter, issued an opinion and order denying Appellants' motion for post-trial relief. As a part of the opinion, President Judge Linebaugh noted that "[the Trial Court] did not write an opinion in this case, but from the finding contained in [its] Order it must be concluded that [it] found that the Township met [its] burden to prove public use and Township

---

[1] The Township devotes a portion of its brief to arguing that this Court's April 1, 2015 order, *see* Docket No. 205 C.D. 2015, remanding this matter for disposition of post-trial motions was in error. For the reasons stated in the opinion attached to the April 1, 2015 order, the Township's argument is without merit.

3

maintenance for a period of 21 years." Appellants appealed the April 15, 2015 order to this Court for disposition on the merits.[2]

Before this Court, the crux of both parties' arguments is the proper interpretation of Section 2307 of the Second Class Township Code[3] (Code), 53 P.S. § 67307. Subsection (a) of Section 2307 provides:

> Every road which has been used for public travel and maintained and kept in repair by the township for a period of at least twenty-one years is a public road having a right-of-way of thirty-three feet even though there is no public record of the laying out or dedication for public use of the road.

53 P.S. § 67307(a).[4] The language of Section 2307 of the Code is not ambiguous; it clearly provides that a road used for public travel and maintained by a township for 21 years is a public road with a right of way of 33 feet.

The prior version of Section 2307 of the Code, Section 1107 of the Act of May 1, 1933, P.L. 103, limited its application to "every road not of record" *Former* 53 P.S. § 66105. When the Code was reenacted, Section 1107 was renumbered as Section 2307 and the language of the statute was amended to apply

---

[2] This Court's standard of review of a trial court's order denying a motion for post-trial relief is limited to determining whether the trial court abused its discretion or committed an error of law. *Pikur Enterprises, Inc. v. Department of Transportation*, 641 A.2d 11, 13 n.2 (Pa. Cmwlth. 1994).

[3] Act of May 1, 1933, P.L. 103, *reenacted and amended by* Act of November 9, 1995, P.L. 350, *amended by* Act of October 9, 2008, P.L. 1520, 53 P.S. §§ 65101-69701.

[4] The remainder of Section 2307 addresses evidence a township may present to demonstrate that a road has been used for public travel, cautions that nothing in Section 2307 should be construed as affecting the weight or persuasiveness of the evidence presented, and places the burden of proof upon the proponent of the public status of the road in question. 53 P.S. § 67307(b)-(e).

its mandate to "every road." 53 P.S. § 67307(a). As a result, the applicability of Section 2307 of the Code no longer depends upon the manner in which a public road was established.[5]

However, neither the Code as a whole nor Section 2307 in particular exists in isolation. A township's right to private lands, whether by statute or otherwise, exists within the framework of the Pennsylvania and United States Constitutions, which require payment of just compensation in order for a government entity to acquire private land.[6] While the General Assembly may by statute determine the width of public roads throughout the Commonwealth, the General Assembly may not take private land by legislative fiat; the Township's argument to the contrary is simply erroneous and runs afoul of fundamental constitutional principles. Section 2307 of the Code is addressed to second class

---

[5] In *Stewart v. Watkins*, 235 A.2d 604 (Pa. 1967), our Supreme Court identified three methods for establishing the existence of a public road: (1) the introduction of court records showing the road to have been opened under the Act of June 13, 1836, P.L. 551, commonly known as the General Road Law, 36 P.S. §§ 1781-1785; (2) that provided in the Second Class Township Code of May 1, 1933, P.L. 103, § 1105, 53 P.S. § 66105, setting forth the circumstances under which there arises a conclusive presumption that a road is public; and (3) by prescription, requiring uniform, adverse, continuous use of the road under claim of right by the public for twenty-one years. *Stewart*, 235 A.2d at 605. However, how a road was or is established in the Commonwealth is of no moment in the instant matter because the road known as "Salt Lake Road" was confirmed as a public road long ago by the Court of Quarter Sessions; what is relevant to the Township's actions in this matter is the law pertaining to the altering or widening of a public road.

[6] The Fifth Amendment to the United States Constitution provides, in relevant part, "nor shall private property be taken for public use, without just compensation." The Fourteenth Amendment to the United States Constitution provides, in relevant part, "nor shall any State deprive any person of life, liberty, or property, without due process of law." *See also Chicago, B. & Q. R. Co. v. City of Chicago*, 166 U.S. 226, 241, (1897). Article 1, Section 10 of the Pennsylvania Constitution provides, in relevant part, "nor shall private property be taken or applied to public use, without authority of law and without just compensation being first made or secured."

townships tasked with establishing and maintaining public roads. Section 2307 of the Code mandates the duty second class townships have to provide a 33 foot right of way for the public traveling on public roads and in doing so, grants second class townships the authority to perform the acts necessary to carry out this duty. Section 2307 of the Code does not extinguish the rights of private landowners.

When an entity clothed with the power of eminent domain enters and appropriates private property for its own use, the landowner may treat the entity's actions as a *de facto* taking or inverse condemnation and the landowner's exclusive remedy is to proceed under the Eminent Domain Code.[7] *See, e.g., Fulmer v. White Oak Borough*, 606 A.2d 589, 591 (Pa. Cmwlth. 1992). Our case law makes clear that "where a landowner suffers specific damage to his property as a result of the negligent acts of a party with the power of eminent domain, the proper action lies in trespass." *See, e.g., Poole v. Township of District*, 843 A.2d 422, 424 (Pa. Cmwlth. 2004). In *Fulmer*, we stated that "[i]n determining whether a particular action is an exercise of eminent domain or a trespass, we must focus upon the nature of the acts complained of." *Id.* at 590; *see also Appeal of Jacobs*, 423 A.2d 442, 443 (Pa. Cmwlth. 1980).[8]

---

[7] Act of May 4, 2006, P.L. 112, 26 Pa. C.S. §§ 101- 1106.

[8] *Fulmer* relied upon *Appeal of Jacobs*, where this Court held: "We must focus on the nature of the Township's acts. As the court of common pleas pointed out, the heart of appellants' case is that the Township unlawfully issued the building permits, improperly approved the subdivision, and wrongfully contributed to the design of the drainage plans. The acts complained of cannot be considered the equivalent of a purposeful and deliberate drainage plan as we were concerned with in *Greger [v. Canton Township*, 399 A.2d 138 (Pa. Cmwlth. 1979)]. They were in no manner related or incidental to the Township's condemnation powers. Appellants are charging the Township with negligence in the performance of these actions. No recovery may be obtained through eminent domain proceedings where the injuries resulted from a trespass and no *de facto* taking may result from negligent acts committed by the agents of the condemning body." 423 A.2d at 443-444 (internal quotations omitted).

The acts complained of in the instant matter—establishing and maintaining a public road with a right of way of 33 feet by taking land held in private hands—fall squarely within the Township's exercise of its eminent domain power. Therefore, we affirm the Trial Court's order insofar as it holds that the Township's actions did not constitute a trespass. Having demonstrated before the Trial Court that the road known as "Salt Lake Road" is a public road that the Township has maintained and kept in repair for a period of 21 years, the Township has authority pursuant to Section 2307 of the Code to widen "Salt Lake Road" from the width established by the Court of Quarter Sessions and the 1974 subdivision plan to provide a 33 feet right of way for the traveling public. Our holding, as was the Trial Court's, is limited to the issue of whether the Township trespassed on Appellants' land. Nothing in this opinion or the Trial Court's order disposes of the issue of whether the Township's actions constitute a *de facto* condemnation or bars Appellants from pursuing a remedy under the Eminent Domain Code.

_____
**JAMES GARDNER COLINS, Senior Judge**

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John E. Einhaus, Jr. and Karen C.H.   :
Einhaus, Lisa C. Perkins and Donna L.   :
Bennett,   :
            Appellants   :
   :
        v.   : No. 642 C.D. 2015
   :
Fawn Township   :

## ORDER

AND NOW, this 9th day of June, 2016, the order of the York County Court of Common Pleas affirming the April 15, 2015 order denying the motion for post-trial relief filed by John E. Einhaus, Jr. and Karen C.H. Einhaus, Lisa C. Perkins and Donna L. Bennett in the above-captioned matter is AFFIRMED.


_____
**JAMES GARDNER COLINS, Senior Judge**