# Arna's Appeal.

1. The 9th section of Act of April 22d 1856 (Contribution between Liens), was intended to secure the legal rights of the plaintiff in a judgment as well as the equities of the terre-tenants under a common encumbrance.

2. The plaintiff must be presented with the alternative, either to levy his execution in the succession prescribed by the court or to accept his debt, so that the terre-tenant claiming the equity, may stand in his shoes and be subrogated to his rights.

3. Lindsay mortgaged his land and afterwards sold part to Arna; the mortgagee sued out the mortgage: Arna and Lindsay, without calling on the plaintiff to levy in the succession of the act, each applied to the court to have the part of the other sold first. The court having decided against Arna, *Held*, that not having complied with provisions of the act, she had no standing to appeal.

4. The plaintiff cannot be obliged to wait till the terre-tenants have settled their equities.

5. The terre-tenants have no equity against the plaintiff.

6. If the plaintiff makes his money from one who has a superior equity, such one must indemnify himself by proceeding against the others.

February 26th 1870. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.

Appeal from the decree of the Court of Common Pleas of *Delaware county :* To January Term 1870.

Charles Taylor, assignee of George Cookman, holder of a mortgage for $10,000, executed by John W. Lindsay, dated April 3d 1858, recovered judgment, September 29th 1869, upon a sci. fa. issued on said mortgage, in the Common Pleas of Delaware county, against Lindsay, with notice to terre-tenants. The realty mortgaged was a tract of land of 142 acres. After the execution and the recording of the mortgage and before the recovery of the judgment thereon, Lindsay, by deed duly executed and recorded, aliened and conveyed part of the mortgaged property to Mrs. Arna. This deed made no reference to the mortgage or mention of it.

After the rendition of the judgment on the mortgage, both Mrs. Arna and Lindsay made application to the court in which the judgment was recovered, asking the court to control the

[Arna's Appeal.]

execution issued thereon, so as to protect their alleged equities—
Mrs. Arna seeking to have the court order that the residue of the
land left in Lindsay (after the parcel granted to her was taken
out) should be first sold; Lindsay, and those concerned under
him, seeking to have the part aliened to Mrs. Arna sold first, on
the ground, as they averred, that there was a distinct understand-
ing at the time of the conveyance to her, that she, in addition to
the cash then paid, assumed the payment of the mortgage; and
that out of the purchase-money stipulated to be paid by her, the
amount of the mortgage was deducted, and left in her hands to be
applied to the satisfaction of the mortgage.

The court (Butler, J.), after a reference to an examiner, and a
consideration of the testimony adduced on both sides, made an
order that the part conveyed to Mrs. Arna should be first sold
under the levari facias.

From this order Mrs. Arna took an appeal to the Supreme
Court.   Taylor then applied to the Supreme Court, and proffer-
ing to take the amount due to him on the mortgage from either
of the terre-tenants who would pay him, and to let his securities
stand for the use of the one who should pay, for the enforcement
of any equities the latter might claim against the other—moved
to quash the appeal; and a rule was granted to show cause, and
was argued before the court in banc.

*J. B. Townsend*, in support of the rule.

*D. K. Mulvany*, contrà.

SHARSWOOD, J.—Whether an order of the Court of Common
Pleas controlling an execution under the 9th section of the Act
of Assembly of April 22d 1856, Pamph. L. 534, which engrafts
a statutory remedy on a common-law proceeding, can be reviewed
on appeal is a question which need not be decided on this motion.
See Commonwealth *v.* Beaumont, 4 Rawle 366; Harger *v.* Com-
missioners, 2 Jones 251; Hanover Turnpike Co. *v.* Craighead, 5
Barr 470; Springer *v.* Springer, 7 Wright 518.   We are of the
opinion that on the face of this record the appellant has no stand-
ing in court to remove the case by certiorari or appeal.

The section of the act referred to was evidently intended to
secure the legal rights of the plaintiff, in the judgment as well as
the equities of the terre-tenants, under a common encumbrance
which is a lien on their respective interests.   It provides for " a
rule on the plaintiff to show cause why he should not levy upon
and make sale of the real estate liable to execution for the pay-
ment of said judgment, in the proportion or in the succession in
which the properties of the several owners shall in law or equity
be liable to contribute towards the discharge of the common

[Arna's Appeal.]

encumbrance, otherwise upon the payment of such judgment to assign the same for such uses as the court may direct," and then "if the plaintiff shall refuse to accept his debt and make such assignment of his judgment, the executions thereupon in the hands of the plaintiff shall be so controlled and directed by the court as to subserve said rights and equities."

Where a remedy is provided by Act of Assembly, the directions of the act must be strictly pursued: Act of 21st March 1806, § 13, 4 Smith's L. 332. The intention of the Act of 1856 is very clear, it is scarcely open to any possible question. The plaintiff must be presented with the alternative either to levy his execution in the succession prescribed by the court or to accept his debt, so that the terre-tenant claiming the equity may stand in his shoes and be subrogated to his rights. If he refuses, then, and only then, is the terre-tenant in a position to ask the court to control the execution. Until he has placed himself properly on the record by a rule in the alternative, he has no standing in court, consequently no right to appeal. In no other way can the legal rights of the plaintiff be properly protected. He has an unquestionable judgment against all the lands of his debtor, the defendant. He has a right to proceed against any part. He cannot in law or equity be obliged to wait until the terre-tenants have settled their equities between themselves. They have no equity against him. If he makes his money from one, who has a superior equity, that one must indemnify himself by proceeding against the others. The act meant to do equal justice all around, but that cannot be accomplished by giving a terre-tenant an appeal, who has not complied with its provisions.

Appeal quashed and record remitted.