# White *versus* Borough of McKeesport.

1. The authority to grade and pave streets is among the implied powers of a municipal corporation.

2. The compensation which is secured by the constitution of 1874, for an injury to real estate occasioned by the improvement of highways by borough authorities, cannot be recovered in an action of trespass quare clausum fregit.

3. An action for such consequential injury must be under the Act of May 24th 1879, P. L. 129.

4. A., a property owner, brought trespass against B., a certain borough, for an alleged entry upon, and injury to his lot, in improving the street upon which it abutted.   In order to fix the location of the street and to show the amount of ground taken from his lot, A. called a surveyor, who produced a plan of the property, made from an old plot of the borough regulators, and from certain deeds.   This plan, A. offered in evidence, and his offer was rejected by the court.   B. claimed that there had been no encroachment on A.'s lot, and justified the work on the street, under the Act of April 3d 1867 (P. L. 732), and under a borough ordinance of July 10th 1876, passed in pursuance thereof.   The ordinance provided for a citizen's committee to act with other authorities, although no authority for such committee was found in the Act; and B. offered evidence to show that certain provisions of the Act had been complied with, and that in accordance with the terms of the ordinance "a committee was appointed by the property owners," . . . and the work thus carried on.   This evidence was admitted by the court under objection, and a verdict and judgment rendered for plaintiff.   *Held*, that there was no error in the rulings of the court as to the admission or rejection of evi-

[White *v.* Borough of McKeesport.]

dence. *Held further*, that although it had been previously decided by the Supreme Court, that the assessment on private property owners under the Act of 1867 could not be collected; yet the provisions of the Act in regard to the right to make municipal improvements were valid.

October 24th 1882.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and GREEN, JJ.   STERRETT, J., absent.

ERROR to the Court of Common Pleas No. 2, of *Allegheny county:* Of October Term 1882, No. 126.

Trespass quare clausum fregit, by James P. White, against the borough of McKeesport.   Plea, not guilty.

On the trial, before WHITE, J., the following facts appeared: The alleged trespass was committed by the defendant in grading Fifth street in the borough of McKeesport, and for this purpose, making a cut 50 feet wide along said street, and thereby, as claimed by plaintiff, entering upon and taking part of a certain lot owned by him abutting on the street.   The plaintiff alleged that the proper width of Fifth street was 33 feet, and that it was laid out under the Act of April 14th 1845 (Pamp. L. 429), which provided for a state road 33 feet in width.   In order to show the location and width of this state road and the encroachments upon his property by the borough improvement, plaintiff called a surveyor, who produced the plan of a survey of the lot in question made by him in 1879, and testified that he made it from various data (including a plan made by the borough regulators, a plan—27 years old—of the partition of the farm of which plaintiff's close was a part, and the deeds for all the properties included in said partition calling for the road 33 feet wide), "in order to show the lines of the old road and the encroachments by the Fifth street improvement." The said plan was then offered in evidence; objected to by defendant.   Objection sustained.   Offer rejected.   Exception. (First assignment of error.)

The defendant claimed that an old township road existed before 1845, which was 50 feet wide, and that the location of the state road upon it did not reduce its width to 33 feet; and further justified the grading of Fifth street, under the Act of April 3d 1867 (Pamph. L. 732) which authorized the borough to grade and pave its streets, but required that the work should not be done until a petition therefor was made by a majority of the property owners on the street to be improved.

The defendant therefore offered this Act in evidence, together with a borough ordinance, passed July 10th 1876, in pursuance of a proper petition of property owners, authorizing the grading of the street and providing, that "in locating and fixing grade, and letting work to be done, and time of beginning above improvements, the street-committee shall act in conjunction

[White *v.* Borough of McKeesport.]

with a committee of three property-holders, to be chosen by the parties in interest on the street." The defendant then offered to show that in accordance with the above petition, and with the terms of the ordinance, "a committee was appointed by the property holders, and that in pursuance thereof the work was done . . . ." Objected to by plaintiff on the ground that it was irrelevant; since the Act of 1867 made no provision for "a committee of property owners."

The court: "The offer is simply to prove the actual facts of the case, so far as the borough is concerned, as a history of the case, and to show that the borough acted in good faith, and in no event is to be liable beyond actual damage done. Also to show by what authority and in what way the borough proceeded to improve the street which the borough had a right to do. It is not offered to estop the plaintiff, nor by way of justification of any trespass on plaintiff's premises, if any trespass was committed." Objection overruled. Exception. (Second assignment of error.)

The plaintiff submitted the following points:

(1) The constitution of this Commonwealth provides that municipal and other corporations . . . shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements, which compensation shall be paid or secured before such taking, injury, or destruction. No compensation having been made or tendered to plaintiff in this case, he is entitled to recover from defendant compensation for all such injury as resulted to the property described in his declaration from the cutting and other work done by defendant on Fifth street or on said land.

Answer: I do not think the constitutional provision referred to has any application in this case. This is an action of trespass quare clausum fregit. If no trespass was committed on plaintiff's premises, no damages can be recovered. If a trespass was committed, the plaintiff is entitled to recover all damages he has sustained thereby. (Third assignment of error.)

(2) The plaintiff's property extended to the middle of the old road. The ordinance in evidence directing the grading and paving of the street was not in accordance with the Act of Assembly under which it was passed. Hence all the work done under color of said ordinance on White's side of the centre-line of the road, and in front of his said land, constituted a trespass · upon his rights of property, for which he is entitled to recover compensation in this action. Refused (Fifth assignment of error.)

(3) The evidence is, that the township road and the state road located upon it were both 33 feet wide. If the traveled

[White *v*. Borough of McKeesport.]

road was less than 33 feet in width, the legal way to open it of that width would be to take the centre-line of the traveled road and measure 16½ feet on each side thereof.

Answer: This point is refused and the question of the width and true location of the road is submitted to the jury with the instructions contained in the charge. (Ninth assignment of error.)

The defendant requested the court to instruct the jury that "the width and location of Fifth street opposite plaintiff's property was a question of fact to be determined by the jury under all the evidence." Affirmed. (Sixth assignment of error.)

In its general charge the court instructed the jury, inter alia, as follows: " The ordinance under which the Borough proceeded to grade and macadamize the street, was declared by the Supreme Court not in accordance with the Act of Assembly, and therefore the borough could not collect assessments upon the abutting properties to pay the expense: White *v*. Commonwealth, 27 Pitts. Leg. J. 115. In that sense and to that extent the improvement was unauthorized and illegal. [But it does not follow that the borough had no power to grade or pave the street, and in doing so was a trespasser. By virtue of its corporate powers the borough could grade and pave any public street within the borough limits. . . . . The borough authorities had a right to grade the street to its full width, and to cut down the sides or fill up, as might be found necessary.] (Fourth assignment of error.) . . . If . . . . . it was considered a 50-foot road, and for twenty years and longer the fences corresponded with that width, it would be good evidence that it was 50 feet wide.] (Seventh assignment of error.) . . . . . [The improved street is 50 feet wide. That fact alone, however, will not enable the plaintiff to recover, even if you find the old road only 33 feet wide. The question then would be : How is the new road located as to the old one ? If the additional 17 feet were taken equally from the properties on either side, it would be 8½ feet on the plaintiff; if taken all on his side, it would be 17 feet on him ; if taken all on the other side, he would not be touched by it.]" (Eighth assignment of error.)

Verdict for defendant and judgment thereon, whereupon the plaintiff took this writ, assigning for error the admission and refusal of evidence as above noted ; the answers to points submitted, and those parts of the general charge quoted within brackets.

*W. B. Rodgers* (with whom was *W. A. Dunshee*), for plaintiff in error.—The plan of the survey was admissible to render the testimony of the surveyor intelligible : Hoey *v*. Furman, 1 Barr

295; Thompson *v.* Franks, 1 Wr. 327. The testimony in regard to the citizens' committee, which was not provided for in the Act of 1867, was irrelevant and should have been excluded, because it led the jury to believe that what was done by "authority" of this committee was no injury to plaintiff: Kendall *v.* Lee, 2 P. & W. 482. The defendants did not comply with the provision of § 3, clause VIII of the general Borough Law of 1851, P. L. 323, requiring "due and personal notice of any proposition to change the streets . . . . . or grading thereof." The clause of constitution of '74 providing for compensation for property injured, makes the securing of such compensation, a condition precedent to doing the act from which injury will result, and the doing such act without performing the condition is a trespass: Pusey *v.* City of Allegheny, 10 W. N. C. 561; Mifflin *v.* R. Co., 4 H. 182; Ridge Turnpike Co. *v.* Stoever, 6 W. & S. 378.

*Dalzell* (with whom was *Hampton* and *J. W. Baillie*), for defendant in error.—The evidence in regard to the citizens' committee was clearly competent to show the history of the case, and that the defendant acted at least under the color of law, and without malice. This action being trespass, the clause of the constitution relied on by plaintiff, cannot be invoked. The remedy under that clause is provided for by an entirely different form of action and is exclusive. The Act of 1867 simply provides a mode whereby streets may be improved and the cost assessed upon the adjoining property owner. The Supreme Court decided only, that the assessment could not be collected under this Act. But apart from the Act, the power to improve the streets belongs to the borough, and is incident to it as a municipality: City of Williamsport *v.* Commonwealth, 3 Nor. 493; Barter *v.* Commonwealth, 3 P. & W. 253; Phila. *v.* Tryron, 11 Casey 402; Dillon on Corp. § 554; Grant on Corp. 154.

Mr. Justice GREEN delivered the opinion of the court, November 20th 1882.

This was an action of trespass quare clausum fregit. The plaintiff, a property owner, claimed that the defendant, an incorporated borough, had taken a part of his land in grading a public street, and sought to recover damages for the taking, upon the ground that the action of the borough was illegal. The learned court below very carefully and correctly instructed the jury that, "in improving the street the borough had no right to go beyond its limits, and if the improvement did, it was a trespass upon private property," and they left to the jury distinctly the question, "did this improvement along the plaintiff's property extend beyond the line of the street?" The

[White v. Borough of McKeesport.]

learned judge further instructed the jury that if the cutting did extend over the plaintiff's line, so as to take any part of his land, they should find a verdict for the plaintiff and give him such damages as would compensate him for the injury, and pointed out all the elements of damage which might be allowed for. The instructions as to damages were entirely favorable to the plaintiff and are not complained of by any assignment of error.

The jury found for the defendant and thereby determined that none of the plaintiff's land had been taken. The testimony upon this subject was quite voluminous, it was the exclusive province of the jury to decide upon it, and we have no power to review their action, indeed we are not asked to do so. Viewed therefore as an action of trespass for the taking of land, the case of the plaintiff as now determined is without the necessary facts to sustain it.

There are two assignments of error which relate, one to the rejection and the other to the admission of testimony. We think neither of them is sustained. The surveyor's plan or draft was not offered as a mere drawing or diagram to show the location of the premises. It was offered for the distinct purpose of fixing the location of the road, and showing the amount of ground taken from the plaintiff. But the witness was a mere surveyor who had no knowledge of the location of the road and the material from which his draft was constructed consisted of plans made by other persons, some deeds and other documents, and some verbal information. His draft doubtless represented his own opinion or judgment of what the location of the road ought to be, but it could in no manner establish the actual location of the road, and was clearly inadmissible for that purpose. Indeed the learned counsel for the plaintiff admit that it was not intrinsically or per se competent evidence.

We see no error in the admission of the testimony in relation to the citizens' committee. The Act of April 3d 1867, and the ordinance of July 10th 1876, had already been given in evidence by the plaintiff, and were again offered by the defendant in connection with the offer to show by this testimony, that the provisions of the Act and the ordinance had been strictly complied with. Surely the defendant had the right to make this defence. Whether, when the evidence was all in, the defence was made out in fact, or was available in law, was another and distinct matter, but it certainly constituted no valid objection to the admission of the testimony. The defendant had the right to set up the Act and the ordinance as a defence to the action, and to prove the facts necessary to establish that defence, but if when they offered proof of the facts the offer was to be rejected, the right itself would be practically denied. As the court

[White *v.* Borough of McKeesport.]

·subsequently ruled that this defence was not available, no harm was done by the admission of the testimony. Irrespective of this consideration the testimony was offered and was clearly admissible, as affecting the question of damages. It would tend to show that there were no circumstances of wanton or intentional injury.

But one material question remains. It was claimed that there could be a recovery in this form of action on account of the provision in the constitution of 1874, which requires just *compensation to be made for property taken, injured or destroyed, in the construction or enlargement of public works.* The language of the plaintiff's first point is so framed as that it does not very distinctly raise the question whether trespass quare clausum fregit can be maintained for an injury without a taking. But granting that it does, we think the answer of the court below was entirely correct. The provision of the constitution without doubt was intended to secure compensation as well for an injury, as for a taking. But compensation is the price of the privilege to inflict the injury, and not a penalty for an illegal act. It is to be recovered, not by an action founded upon a tort which presupposes an illegal act, but by a proceeding for the assessment of the damage done by the injury sustained. The value of the damage when ascertained and paid, is the consideration of the right to continue the maintenance of the work or structure which occasions the injury, whereas in trespass an obligation to discontinue the injury after verdict arises, which if necesssary will be enforced by successive verdicts. The court was right therefore in saying that the constitutional provision was not applicable to the case, considered as an action of trespass quare clausum fregit. Of course, in the ordinary case of the taking of land for a public work, if the corporation or municipality has not complied with the requirements of the law which authorizes the taking, a trespass is committed and a recovery may be had in an action of trespass or ejectment. But here there was no trespass, as the jury has so decided. If it was intended by the point to raise the question whether a recovery could be had for a consequential injury, where the legal requirements were not complied with, the reply is that this was not an action for a consequential injury, and therefore that question cannot arise. But, in addition to that consideration, the Legislature has provided a special remedy for that kind of injury by the Act of May 24th 1878, P. L. p. 129, and that form of proceeding must therefore be adopted in all cases coming within its terms. The Act provides that in all cases where the proper authorities of any borough may at any time change the grade or lines of any street or alley, or in any way alter or enlarge the same, thereby causing damage to the owner or owners of property

[White *v.* Borough of McKeesport.]

abutting thereon, without the consent of the owner, or in case they fail to agree with the owner for the proper compensation for the damage so done, or likely to be done or sustained by reason thereof, the court of common pleas of the proper county, on application of either the borough or the owner shall appoint viewers, who shall proceed to assess the damages in the mode pointed out by the Act. This being the method established by law for the recovery of damages for changing grades or lines of streets or alleys in the boroughs of the Commonwealth, it must be strictly pursued in accordance with the provisions of the Act of March 21st 1806, § 13, which enacts that, in all cases where a remedy is prescribed or duty enjoined or directed to be done by any Act or Acts of Assembly of this Commonwealth, the directions of the said Acts shall be strictly pursued and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law in such cases further than shall be necessary, for carrying such Act or Acts into effect. See 1 Purd. Dig. 58 pl. 5 and cases cited in note (a).: Criswell *v.* Clugh, 3 W. 330 ; Oliphant *v.* Smith, 3 P. R. 180 ; Thomas *v.* Simpson, 3 Barr 68 ; Ensworth *v.* Commonwealth, 2 P. F. S. 324. We see no error in the other assignments. Undoubtedly the authority to grade and pave streets is among the implied powers of a municipal corporation : City of Williamsport *v.* Commonwealth, 3 Norr. 493. The eighth clause of the third section of the general borough law (P. L. of 1851, p. 323) requiring notice to be given of a proposition to fix or change the roads, streets, &c., of a borough is merely directory, and the omission to give the notice does not invalidate the proceeding : Pittsburgh *v.* Coursin, 24 P. F. S. 400.

There was certainly no error in the court saying to the jury that the width and location of Fifth street opposite the plaintiff's house was a question of fact to be determined by the jury under all the evidence, nor in saying that if the fences corresponded with a width of fifty feet for twenty years it would be good evidence that the road was fifty feet wide. We see no error in the comments complained of in the eighth assignment. As the width of the road was a controverted fact and the plaintiff's third point practically asked the court to decide that question, we think there was no error in refusing the point and leaving the question to the jury.

Judgment affirmed.