Derry Township School District, Appellant, *v.*
Barnett Coal Company et al.

Argued September 26, 1938.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Henry E. Shaw,* with him *Paul Mahady,* for appellant.

*Harry E. Cope,* with him *Ralph S. Gessler* and *Smith, Best & Horn,* for appellees.

OPINION BY MR. JUSTICE DREW, December 5, 1938:

From the action of the lower court in sustaining defendants' answer raising preliminary objections to the bill of complaint, and in dismissing the bill. and dissolving the preliminary restraining order, plaintiff took this appeal.   The bill discloses the following facts: The Barnett Coal Company, the principal defendant, has for years been the owner of coal lands, houses and mining equipment, in Derry Township, Westmoreland County. This property is subject to the lien of two mortgages securing issues of bonds of which approximately $220,000 is unpaid.   The company is indebted to plaintiff, Derry Township School District, for school taxes levied for the years 1930 to 1936, inclusive, totaling $22,709.04.   These taxes with the exception of those for the year 1936 have been returned and entered in the Treasurer's Office of Westmoreland County.   On March 17, 1936, the company ceased mining operations, and pursuant to an agreement it made with the Bondholders' Committee,

which had previously been named in connection with a proposed reorganization, most of the houses and equipment were sold. The proceeds of the sale, amounting to $15,250, were paid to the Blairsville Savings and Trust Company, successor trustee under the mortgage bonds, for distribution to the bondholders. Immediately upon receiving notice of this sale, the school district entered two suits in assumpsit against the company for the amount of the unpaid taxes.

The principal prayers of the bill are that the court direct the trustee to pay to the school district, out of the funds in its possession, a sum equal to the unpaid school taxes for the years 1934, 1935 and 1936 (no request is made for the taxes for the years 1930 to 1933, inclusive), and permanently restrain the coal company from removing any buildings or mine equipment still remaining on its property.

The defendants' answer raised three preliminary objections: First, that the plaintiff has an adequate remedy at law in the statutory methods for the collection of taxes; second, that the proceeding is one in equity to collect taxes and a court of equity is without jurisdiction; and, third, that the fund in question in the hands of the trustee is the sole property of the bondholders of the company and not that of the coal company.

We agree with the court below that the school district has a full, complete and adequate remedy at law. Two legal remedies are given to it by statute. The first is that conferred by various statutes dealing with the collection of taxes, by the distraint of personal property on the premises, by the return of unpaid taxes to the office of the County Treasurer, by the sale of the lands of the taxpayer at a Treasurer's sale, etc. (These statutes are set out, at length, in volume 72, Purdon's Statutes Annotated, commencing with section 5641). An additional remedy was provided by the School Code of May 18, 1911, P. L. 309, section 503, which authorized the bringing of an action of assumpsit for the collection of unpaid

school taxes. To these remedies at law plaintiff has already resorted, without having carried them to completion, as is shown by averments in the bill of complaint; but plaintiff alleges these remedies are not adequate, because the remaining property of the company, when sold, will not provide sufficient funds to satisfy the claim. This contention is not sound. In deciding whether a remedy is adequate, the remedy itself and not its possible want of success is the determining factor: *Bersch v. Rust, Trustee,* 249 Pa. 512. "The fact, if it be so, that this remedy may not be successful in realizing the fruits of a recovery at law, on account of the insolvency of the defendants, is not of itself a ground of equitable interference": *Heilman v. Union Canal Co.,* 37 Pa. 100, 104. Since plaintiff has a complete and adequate statutory remedy at law, it has no standing to seek relief in equity.

Furthermore, the remedies given by these statutes for the collection of taxes are exclusive. When a statute provides a remedy by which a right may be enforced, no other remedy than that afforded by the statute can be used. The Act of March 21, 1806, P. L. 558, section 13, provides that: "In all cases where a remedy is provided or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of said acts shall be strictly pursued. . . ." That equity is not available where a remedy is provided by statute, in view of the provisions of the Act of 1806, supra, has been decided in *Arna's Appeal,* 65 Pa. 72, and in *Phelps's Appeal,* 98 Pa. 546. And this has been held particularly with respect to taxes in *McKeesport Borough v. Fidler,* 147 Pa. 532; *Leopold Tax Assessment Case,* 118 Pa. Superior Ct. 158. When a statutory remedy has been provided, each step in the proceeding can be taken only as the legislature has prescribed: *White v. Borough of McKeesport,* 101 Pa. 394; *Lewisburg Bridge Co. v. The County of Union and the County of Northumberland,* 232 Pa. 255; *Curran v. Delano,* 235

Pa. 478; *Meurer's Appeals,* 119 Pa. 115. In the case of *Schmuck v. Hartman,* 222 Pa. 190, 195, Mr. Justice Brown said: "All taxation is statutory, and, while it is the duty of every citizen to bear his just proportion of the burden of supporting national, state and local government, he cannot be compelled to do so except in a way provided by a statute. Liability to pay taxes arises from no contractual relation between the taxable and the taxing power, and cannot be enforced by common-law proceedings unless a statute so provides. They can be collected in no other way than that pointed out by the statute."

Plaintiff contends, however, that the present suit is not one to collect the unpaid taxes but to restrain the commission of waste and obtain an account of waste already committed. Under the allegations and prayers for relief in the bill, it is difficult to follow this argument. The bill asks that the trustee for the bondholders be directed "to pay over to the Derry Township School District out of the funds in its possession . . . enough money to pay the taxes that are due and owing. . . ." The very words of the complaint thus clearly indicate that the sole relief sought by this prayer is the payment of the taxes. With respect to the prayer seeking an injunction to prevent the removal of whatever property remains on the land, the same conclusion must be reached. Although a decree based on this prayer would not expressly order the payment of the taxes, it is clearly an essential step in the process of collection. The suit is directed toward rendering the property amenable to the reach of the taxing authorities. As such it must be regarded as a proceeding to collect the taxes. Hence the fact that plaintiff now contends that the bill was drawn on the theory that the suit is one to restrain waste and to obtain an account for the proceeds of waste already committed does not detract from that which is obvious, that plaintiff's sole interest in the property is collection of taxes now due and that the statutory rem-

edies for that purpose are exclusive. This conclusion is supported by the decision of the Supreme Court of Virginia in the case of *Marye v. Diggs,* 98 Va. 749, where a substantially similar complaint was dismissed on the ground that the proceeding was one to collect taxes, and that in such a case equity could not supply a remedy which the legislature had not given.

The cases giving to a mortgagee the right to an injunction to prevent waste are not in point. In such cases the mortgagor has contracted that the land shall be held as security for the debt. Allowing the mortgagor to reduce the value of that security would permit him to impair the value of the very thing which was the basis of the contract between the parties. The taxing authorities, however, have no interest in the land similar to that possessed by a mortgagee. A tax is not a debt in the ordinary sense of the term, and liability to pay taxes arises from no contractual relation between the parties: *Schmuck v. Hartman,* supra; *Leopold Tax Assessment Case,* supra.

The further contention of the plaintiff that the lien given the school district was transferred to the fund in the hands of the trustee is without merit. The Act of May 29, 1931, P. L. 280, as amended by the Act of May 22, 1933, P. L. 940, relied on by the plaintiff, does not so provide. The Act states that all unpaid taxes returned and docketed pursuant to the Act "shall be a first lien . . . and shall have priority to and be fully paid and satisfied out of the proceeds of any judicial sale of said property." The only possible inference that the lien attaches to the funds from a sale of the land arises from the words relating to priority of payment. But that language relates only to *judicial* sales and therefore does not support the argument that the lien was transferred to the fund in question: compare *Steen's Estate,* 175 Pa. 299. Moreover, even if the lien could be said to attach to the proceeds of the sale, the fact that a court of equity has no jurisdiction in this proceeding

would require the plaintiff to pursue its legal remedies to enforce its lien.

The plaintiff relies on the case of *Witmer's Appeal,* 45 Pa. 455, in an effort to sustain equity jurisdiction on the ground of fraud. That decision has no application to the facts in this case. There the defendant admitted that he had detached parts of the machinery for the purpose of enabling certain of his creditors to obtain a preference. Proof of collusion was clearly established. Moreover, the act was done with the express intention of rendering the mill incapable of being operated as a going concern. In the present case there are no facts on which a charge of fraud could be sustained.

The assignments of error are overruled and the decree of the court below is affirmed at the cost of appellant.