## Oteri Appeal.

Argued January 9, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and ARNOLD, JJ.

558

*A. Evans Kephart*, with him *Robert E. Scullin* and *John W. Kephart, Jr.*, for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE CHIDSEY, February 13, 1953:

This is an appeal by Anthony Oteri from the disposition by the court below of a bill in equity brought against him by Maria Bartone.

On May 10, 1947 appellant, the owner of premises located at 1632 South Broad Street, Philadelphia, the premises adjoining which are owned and occupied by Mrs. Bartone, applied to the Bureau of Building Inspection and to the Bureau of Engineering, Surveys and Zoning for permits authorizing the alteration of the first floor of his premises and the construction of a one-story rear addition thereto for use as a bakery. The application was refused as being in violation of the city's zoning ordinance of August 10, 1933. Oteri appealed to the Zoning Board of Adjustment for a certificate of variance which was granted on December 8, 1947. He thereupon proceeded with the alterations and completed them on or about September 1, 1948. The brick extension permitted by the variance was 12

feet 4 inches in depth and 14 feet 6 inches in width. However, the actual construction extended from 2½ to 3 feet beyond the allowed depth limit, and a small brick lavatory structure, 4 feet by 5 feet, extended beyond this. Oteri claimed that the extension of the first floor beyond the allowed limit was an honest error on the part of the bricklayer. However this may be, upon appeal to the Zoning Board of Adjustment from a refusal of the Bureau of Engineering, Surveys and Zoning to approve the expanded construction, the Board first refused, but then upon reconsideration, on May 21, 1949 authorized the issuance of permits. The Board found that "an unnecessary hardship would be imposed upon the Owner if the strict requirements of the Ordinance as to rear yard and open area are enforced.", and "In the light of the necessity of the bakery's having, for health purposes, the additional space to serve the public, the Board finds that it is for the purpose of promoting the health of the customers of the bakery, which already legally existed on the premises, that this small additional space be made available for promoting such purpose.".

On July 29, 1949, more than two months thereafter, Mrs. Bartone filed her bill in equity praying that the Board's order be declared void and the defendant (here appellant) be directed to remove such portion of the extension or addition to his premises as did not conform with the original variance granted him. On September 8, 1949 a decree *pro confesso* was entered for want of an appearance and want of an answer. On October 14, 1949 Oteri obtained a rule upon Mrs. Bartone to show cause why the decree *pro confesso* should not be stricken off, with leave to Oteri to file preliminary objections and in the alternative to file an affidavit of defense. Pending disposition of this rule, the City of Philadelphia filed its "Petition to Intervene

and Be Let Into a Defense", and Oteri filed a proposed answer.[1] Thereupon a stipulation was entered into by Mrs. Bartone, Oteri and the City of Philadelphia under the terms of which the lower court was requested to issue *certiorari* to the Zoning Board, directing the latter to certify the entire record to the court. The stipulation also provided that the entire record in the equity proceeding, including Oteri's proposed answer to the bill, be considered by the court in its determination of the "appeal"; that the bill in equity be considered in lieu of a petition for writ of *certiorari* and the proposed answer in lieu of a petition for leave to intervene; and that the requirement of the Act of May 6, 1929, P. L. 1551, Section 8, 53 PS §3829, that an appeal from the decision of the Zoning Board must be presented to the court within thirty days, be waived.

The court below considering the matter as if an appeal had been duly taken under the above section of the Act of 1929, reversed the decision of the Zoning Board and directed appellant "to tear down promptly that portion of his building constructed beyond his plan of construction as was approved by the Department of Building Inspectors.". On April 10, 1951 the court entered the following final order: "The appeal is sustained and the decision of the Zoning Board of Adjustment is reversed.".

The action of the court below must be reversed. Admittedly no appeal from the decision of the Zoning Board was taken to the court of common pleas within the time specifically prescribed in the Act of 1929, su-

---

[1] In her bill Mrs. Bartone alleged she had no knowledge of the hearing before the Board at which the expanded construction was approved and that the Board's action was not supported by the law and the facts. In his answer Oteri averred that notice was properly given and that under the circumstances the Board was justified in the action taken.

pra, and the present appeal is from the order entered on the proceeding which originated in equity. Since the statutory procedure for appeal from a decision of the Zoning Board was not followed, the court was without jurisdiction to entertain the bill in equity. Mrs. Bartone, complainant therein, could not resort to a bill in equity in circumvention of the remedy afforded by the statute. We repeat what we said in *Derry Township School District v. Barnett Coal Company et al.,* 332 Pa. 174, 177, 2 A. 2d 758: "... When a statute provides a remedy by which a right may be enforced, no other remedy than that afforded by the statute can be used. The Act of March 21, 1806, P. L. 558, section 13, provides that: 'In all cases where a remedy is provided or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of said acts shall be strictly pursued. . . .' That equity is not available where a remedy is provided by statute, in view of the provisions of the Act of 1806, supra, has been decided in Arna's Appeal, 65 Pa. 72, and in Phelps's Appeal, 98 Pa. 546 . . . When a statutory remedy has been provided, each step in the proceeding can be taken only as the legislature has prescribed: White v. Borough of McKeesport, 101 Pa. 394; Lewisburg Bridge Co. v. The County of Union and the County of Northumberland, 232 Pa. 255; Curran v. Delano, 235 Pa. 478; Meurer's Appeals, 119 Pa. 115. . . .". And see *Stetson's Estate,* 305 Pa. 62, 155 A. 856; *Thompson v. Morrison, Secretary of Commonwealth,* 352 Pa. 616, 44 A. 2d 55; *Commonwealth, to use v. Lentz,* 353 Pa. 98, 44 A. 2d 291; *Colove v. Robesonia Borough,* 364 Pa. 626, 73 A. 2d 679.

It is almost unnecessary to state that the parties could not by stipulation convert a proceeding over which the court had no jurisdiction into another proceeding and thereby confer jurisdiction by consent. It

is a universal rule of law that parties cannot by consent or waiver give a court jurisdiction of subject matter of which it would otherwise not have jurisdiction: 14 Am. Jur., Courts, §184; *Patterson's Estate,* 341 Pa. 177, 179, 19 A. 2d 165; *Wolfe et al. v. Lewisburg Trust & Safe Deposit Co.,* 305 Pa. 583, 588, 158 A. 567.

The order of the court below is set aside, the decree *pro confesso* is vacated and the bill in equity dismissed for want of jurisdiction at the cost of appellee.