## Long v. Zoning Board of Adjustment

*Martin A. Ostrow* and *Howland & Hess*, for petitioner.

*Lenard L. Wolffe, Gordon Cavanaugh* and *David Berger*, for zoning board.

GOLD, J., July 28, 1960.—This matter involves an appeal from a decision of the Zoning Board of Adjustment which granted a certificate of adjustment for the use of certain premises as a convalescent or nursing home. On February 3, 1960, petitioners, individual taxpayers and an unincorporated association composed of members residing in the general vicinity of the proposed home, filed a petition with this court for a writ of certiorari. The petition alleged, inter alia, that the board's decision was rendered "on or about December 31, 1959, after due notice and public hearing," that the board acted in an arbitrary and unreasonable manner, and that the board's decision was contrary to the public interest and, therefore, illegal. On the same day, we entered an order allowing the writ to issue.

On February 10, 1960, the board filed a motion to quash the appeal on the ground that it was not filed within the required 30-day period commencing from the date of the filing of the board's decision in the office of the board: Philadelphia Code of General Ordinances, sec. 14-1803(3); Act of May 6, 1929, P. L. 1551, sec. 8(3), 53 PS §14759(3).

Thereafter, petitioners filed a petition for a rule to show cause why they should not be permitted to file their original petition for writ of certiorari as of January 30, 1959, nunc pro tunc. In addition, petitioners sought to amend their original petition by

striking out the averment that the board's decision was rendered on December 31, 1959, and substituting therefor the averment that the board's decision was *filed* "on or after January 4, 1960." The second petition alleges that, "By reason of the mistake and inadvertence of its then counsel, the said petition [for writ of certiorari] was filed more than thirty days after the date of December 31, 1959, which appears on the certificates . . . but within thirty days from the date of mailing of notice of the decision of the Board on January 4, 1960."

The petition further states that, "Petitioner is informed, and therefore believes, that the date of 'the filing of the decision in the office of the Board,' within the meaning of the Act of 1929, May 6, P. L. 1551, section 8; 53 P.S. 14759, was as a matter of fact on January 4, 1960, and not on December 31, 1959 as recited on the certificates now on file with the Zoning Board of Adjustment, and that therefore the date of December 31, 1959 is not the date of the filing of the decision in the office of the Board."

Answers were duly filed to the foregoing petition by the board and by the owners of the premises in question, who were previously granted permission by this court, with the consent of all parties, to intervene as parties appellee. The board denied the allegation that its decision was filed in its office on January 4, 1960. The intervening appellees, in addition, asserted that, "Vested Rights have developed in Appellees . . . inasmuch as settlement was made and title taken to the premises involved on Februaury 19, 1960."

In view of petitioners' serious averment that the board's decision was not filed on December 31, 1959, the date appearing on the certificates, but on or after January 4, 1960, and the board's denial thereof, we ordered a hearing to resolve this factual issue. As a

result of the evidence presented at the hearing, we are convinced that the decision of the board was in fact rendered and filed in its office on December 31, 1959. This conclusion stemmed from the testimony of the board's administrator, Mr. Pickholtz, a respected member of the bar, who was charged with the responsibility of recording the votes and filing the decision. He testified that the board deliberated and rendered its decision in this matter sometime between 3 and 5 p.m. on Thursday, December 31, 1959. Immediately thereafter, he recorded the votes on the jacket of the file and at approximately 5 p.m., at the conclusion of the board's session, he returned the file to the office of the board. *He remained in the office of the board for 20 or 25 minutes, during which period the decision of the board was a matter of public record and available to petitioners.* Mr. Pickholtz stated that notice of the board's decision was not mailed to the applicant and a protestant representing petitioners until Monday, January 4, 1960, inasmuch as the New Year holiday occurred on Friday. He further testified that he inserted the notation "expedite" on the file because he was aware of an expiring agreement of sale involving the premises in question.

Section 14-1803 (3) of the Philadelphia Code of General Ordinances incorporating 53 PS §14759, which relates to appeals from decisions of the Zoning Board of Adjustment, provides:

"Such petition [for writ of certiorari] shall be presented to the court within thirty (30) days after the filing of the decision in the office of the board."

It has uniformly been held that where a zoning statute or ordinance sets forth a time limitation within which an appeal may be taken, such limitation is mandatory and courts have no power to extend the time. Thus, in Sunnybrook, Inc., Petition, 69 D. & C.

344 (1949), where the ordinance, as in the instant case, required that an appeal be taken within 30 days from the date of the *filing* of the board's decision, the court dismissed an appeal which was filed one day late. Again, in Kuiper v. Upper Merion Township, 10 D. & C. 2d 20 (1956), affirmed 390 Pa. 178 (1957), where the ordinance required an appeal to be taken within 30 days from the date of the board's decision, an appeal which was filed on the 31st day was likewise dismissed. To the same effect is the unreported case of Howard v. Zoning Board of Adjustment, C. P. No. 6, March term, 1957, no. 3283 (opinion by Bok, P. J.). It was argued in the Kuiper case that since notice of the board's decision was not mailed out "forthwith" as the ordinance required, but two days later, the appeal period was thereby extended. The court rejected this contention, holding that since the board's decision was rendered in the evening, and the next day being a legal holiday, notice was properly sent on the following date. In short, where the statute or ordinance prescribes a specific procedure and remedy for the enforcement of a right, no other remedy or deviation from the prescribed procedure may be undertaken or permitted: Oteri Appeal, 372 Pa. 557, 561 (1957).

In the instant case, the board's decision was filed on December 31, 1959, and notice was sent to protestants' representative of record on January 4, 1960, the next working day. This does not seem to us an undue delay in sending such notice even if we were to assume that the board was under a duty to send notice of its decision as soon as practicable. Petitioners had ample time to consider the board's decision and file their appeal within the permissible period. Not having done so, their attempt to file the appeal nunc pro tunc cannot succeed since this, in effect, would extend the mandatory appeal period which is not only binding upon the courts but cannot even be voluntarily waived

by the parties themselves: Oteri Appeal, supra; Wolffe, Pa., Zoning Digest, p. 354.

For the foregoing reasons, we entered an order on April 1, 1960, discharging petitioners' rule to show cause and granting the board's motion to quash.