## Time Sales Finance Corporation v. Fuchs

*Begley, Carlin, Mandio, Kelton & Porkin*, for petitioners.

*Eastburn & Gray*, for respondent.

GARB, J., May 17, 1967.—This matter is before the court by virtue of preliminary objections filed on behalf of Time Sales Finance Corporation, hereinafter called Time Sales, to a petition and rule filed on behalf of William L. and Lillian B. Fuchs, hereinafter called Fuchs, and First Federal Savings and Loan Association of Bucks County, hereinafter called First Federal, to show cause why a judgment should not be subordinated to a mortgage. The rule is to show cause why the judgment of Time Sales should not be subordinated to the mortgage of First Federal, both of which are recorded in Bucks County and are liens upon the property in Bucks County owned by Fuchs. The petition for the rule alleges, in essence, that First Federal had advanced the funds for which the mortgage was given

in order that an encumbrance then superior to that of Time Sales could be paid and removed upon the representation by Time Sales that they would subordinate their lien to that of First Federal, and that they have, in fact, refused so to subordinate. It is further alleged that there has been no execution issued upon the property to date.

The preliminary objections filed by Time Sales to this petition and rule allege that there is no authority in the law for such a petition and that, in fact, the only manner in which the priority of liens may be determined is by exceptions to the sheriff's schedule of distribution after sale of the property upon execution. They further allege that petitioners do not have standing to present this petition. In view of the fact that the first preliminary objection will dispose of this matter, we have no need to reach the second.

The first of these preliminary objections is well taken and, accordingly, the rule to show cause will be dismissed.

The Act of June 16, 1836, P. L. 755, sec. 86, 12 PS §2661 et seq., sets forth the procedure for the determination of distribution of proceeds of a sheriff's sale upon execution where there is a question of priority as among several lien holders. This Act of Assembly, insofar as it applies to the practice and procedure and enforcement of judgments, was suspended by Pennsylvania Rule of Civil Procedure 3241. Rule 3136 of the rules of civil procedure, insofar as relevant herein, provides as follows:

"(d) The sheriff shall distribute the proceeds of sale in accordance with the proposed schedule of distribution, unless written exceptions are filed with him not later than ten (10) days after the filing of the proposed schedule.

"(e) Upon the filing of exceptions with the sheriff he shall transmit them to the prothonotary together with a copy of the proposed schedule of distribution.

"(f) The court shall determine the exceptions, and for this purpose may receive evidence by deposition or otherwise, or may appoint an auditor to hear the evidence and report to the court".

These rules, having been propounded pursuant to the Act of August 25, 1959, P. L. 751, sec. 1, as amended, 17 PS §61, have the effect of a statutory enactment: Standard Oil Company of Pennsylvania v. Munday, 150 Pa. Superior Ct. 499 (1942).

In view of the foregoing Act of Assembly and the Rules of Civil Procedure, petitioners herein are relegated to the remedies therein provided. The Act of March 21, 1806, 4 Sm. L. 326, sec. 13, 46 PS §156, states that in all cases where a remedy is provided by an Act of Assembly, the directions of the act shall be strictly pursued. Thus, when a remedy is provided by statute by which a right may be enforced, no remedy other than that provided by the statute can be used. Equity is not available in substitution of the statutory remedy, and each step in the proceeding can be taken only as the legislature has prescribed: Oteri Appeal, 372 Pa. 557 (1953); Derry Township School District v. Barnett Coal Company, 332 Pa. 174 (1938); Strasser v. Strasser, 32 Westmoreland 9 (1950).

Petitioners herein have a statutory remedy whereby they can redress their grievances at such time as there is, in fact, an execution and sheriff sale. The remedy is provided, and its use is exclusive. The remedy itself, and not its possible or probable success or want thereof, is the determining factor as to whether it is adequate: Derry Township School District v. Barnett Coal Company, supra. For the foregoing reasons, we enter the following

ORDER

And now, to wit, May 17, 1967, the preliminary objections are hereby sustained and the rule to show cause is dismissed.